# United States Court of Appeals
## For the First Circuit

No. 12-2047

UNITED STATES OF AMERICA,

Appellee,

v.

THOMAS KING,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Torruella, Circuit Judge,
Souter,* Associate Justice,
and Selya, Circuit Judge.

Alexandra Deal, with whom Stern, Shapiro, Weissberg & Garin, LLP was on brief, for appellant.
Renée M. Bunker, Assistant United States Attorney, with whom Thomas E. Delahanty II, United States Attorney, was on brief, for appellee.

January 31, 2014

* Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SELYA, Circuit Judge.** The federal sentencing guidelines are designed to serve as tools to assist judges in performing one of their most consequential tasks. They are not meant to dictate robotic sentencing outcomes. In this single-issue appeal, defendant-appellant Thomas King challenges his 72-month term of immurement as substantively unreasonable. As framed, his challenge both distorts the function of the federal sentencing guidelines and undervalues the district court's broader appraisal of the seriousness of the offense of conviction. After setting the record straight, we affirm.

Inasmuch as this appeal follows a guilty plea, we draw the factual background from the plea agreement, the change-of-plea colloquy, the presentence investigation report (PSI Report), and the transcript of the disposition hearing. See United States v. Fernández-Cabrera, 625 F.3d 48, 50 (1st Cir. 2010). For present purposes, a brief synopsis suffices.

In July of 2011, a federal grand jury sitting in the District of Maine returned an indictment charging the defendant with possessing a computer that held child pornography. See 18 U.S.C. § 2252A(a)(5)(B). The charge arose out of a forensic examination of the defendant's computer, which revealed surreptitiously recorded videos of the defendant's minor stepdaughter masturbating in her bathroom. The defendant initially

maintained his innocence but, within a matter of months, entered a guilty plea.

When the PSI Report was prepared, it recommended a base offense level of 18. It further recommended the application of a series of enhancements: five levels for a pattern of abuse, see USSG §2G2.2(b)(5); two levels for the use of a computer in the commission of the offense, see id. §2G2.2(b)(6); and three levels for possessing 150 to 300 offending images, see id. §2G2.2(b)(7)(B).[1] Assuming a three-level decrease for acceptance of responsibility, see id. §3E1.1, the PSI Report projected the total offense level as 25. Based on this projection and the absence of any prior criminal history, the report suggested a guideline sentencing range (GSR) of 57 to 71 months.

The district court convened the disposition hearing on August 21, 2012. The defendant challenged the application of the computer enhancement, arguing that it overstated the gravity of his offense because it was meant to target child pornography trafficking on the Internet (an activity in which he had not engaged). He also challenged the number-of-images enhancement, arguing that it unfairly lumped his small cache of videos with larger collections of child pornography.

---

[1] For sentencing purposes, each video clip is deemed to contain 75 images. See USSG §2G2.2, comment. (n.4(B)(ii)).

The district court rejected both arguments. It explained that the computer enhancement was not pegged to Internet use but, rather, to computer use and therefore applied. The court further explained that the number-of-images enhancement, though "imperfect," applied and represented "a very rough proxy for seriousness." Similarly, the court found the five-level enhancement for a pattern of abuse to be warranted. And, finally, the court disagreed with the PSI Report and discerned no justification for an acceptance-of-responsibility discount. These determinations produced a total offense level of 28 which, when combined with the absence of any prior criminal record, yielded a GSR of 78 to 97 months.

The court then heard the defendant's allocution. After considering the statutory sentencing factors, see 18 U.S.C. § 3553(a), and "concentrat[ing] on the history and characteristics of the defendant and the nature and circumstances of the offense," it varied downward and imposed a 72-month sentence. This timely appeal ensued.

In this venue the defendant, represented by new counsel, consolidates his arguments against the computer and number-of-images enhancements. In his repackaged claim of error, he strives to convince us that, due mainly to the combined effect of these enhancements, his sentence is substantively unreasonable. We are not persuaded.

We review challenges to the reasonableness of a sentence for abuse of discretion and proceed according to a two-step pavane. See Gall v. United States, 552 U.S. 38, 51 (2007). First, we resolve any claims of procedural error. See id.; United States v. Rodríquez, 527 F.3d 221, 224 (1st Cir. 2008). Second — and only if the sentence passes procedural muster — we inquire whether the sentence is substantively reasonable. See Gall, 552 U.S. at 51.

In this appeal, the defendant has not preserved any claim of procedural error. Refined to bare essence, his lone assignment of error reduces to a plaint that the district court's downward variance did not go far enough, resulting in a sentence that is substantively unreasonable.

The "linchpin" of our review for substantive reasonableness is a determination about whether the sentence reflects "a plausible . . . rationale and a defensible result." United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008). In making this determination, considerable deference is owed to the sentencing court; and a reviewing court cannot simply substitute its judgment for that of the sentencing court. See id. at 92. Consequently, we limit our review to the question of whether the sentence, in light of the totality of the circumstances, resides within the expansive universe of reasonable sentences. See id.

The core of the defendant's argument is his insistence that the computer and number-of-images enhancements

indiscriminately sweep up conduct of widely divergent culpability, and that sentences embodying these enhancements necessarily fail to "guard against unwarranted similarities among sentences for defendants who have been found guilty of dissimilar conduct." United States v. Dorvee, 616 F.3d 174, 187 (2d Cir. 2010). In his view, such sentences contravene the spirit of Congress's admonition "to avoid unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), and are therefore substantively unreasonable.

This argument fundamentally misapprehends the role of the guidelines in the sentencing process. The guidelines are not intended to fashion sentences with the precision of a Savile Row tailor. To the contrary, they represent a "wholesale" approach to sentencing, offering only "a rough approximation of sentences that might achieve § 3553(a)'s objectives." Rita v. United States, 551 U.S. 338, 348, 350 (2007). As such, the guidelines are simply "the starting point and . . . initial benchmark" for crafting a sentence. Gall, 552 U.S. at 49.

This starting point is merely a step along the path. After arriving at an appropriate GSR, the court must proceed to "make an individualized assessment based on the facts presented" and the statutory sentencing factors in order to shape the actual sentence. Id. at 50.

Given the function of the sentencing guidelines and the methodology that they contemplate, a frontal assault on the

guidelines cannot, without more, afford a persuasive basis for a claim of sentencing disparity, much less for a claim of substantive unreasonableness.  After all, such an assault takes aim at a fragment of an inchoate sentence, but a court's inquiry into substantive reasonableness must examine more: "the totality of the circumstances" surrounding the final product.  Id. at 51.

By definition, such an inquiry does not allow a reviewing court to examine guideline enhancements in isolation.  Rather, a reviewing court must account for the whole of the various integers that comprise the sentencing calculus, including the sentencing court's overall appraisal of the GSR, its evaluation of the offender and the offense conduct, and its case-specific synthesis of the statutory sentencing factors.

Seen in this light, the defendant's argument is unsupportable.  The defendant beseeches us to look at two enhancements to the exclusion of everything else.  Honoring such an entreaty would undermine our consistent directive that sentencing courts must refrain from adopting "a narrow focus on a particular [sentencing] factor in isolation."  Rodríguez, 527 F.3d at 228.  Appellate courts — like district courts — are not at liberty to engage in such a faulty practice.

Sentencing requires a broader focus because "section 3553(a) is more than a laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread

of an overarching principle": that a sentencing court ought "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." Id. (quoting 18 U.S.C. § 3553(a)). The defendant's entreaty, which invites us to ignore the forest and glimpse only a couple of trees, perfectly exemplifies the folly of such a single-minded approach.[2]

The court below did not view the guidelines as conclusive; instead, it appropriately treated them as a starting point. The defendant's pedantic railings against the severity of specific guideline enhancements overlook this reality. Those railings likewise overlook the district court's cogent statement of its reasoning as to why a "harsh and severe" sentence was warranted in this instance.

The sentencing court's reasoning does not exhibit any lockstep deference to the guidelines. Far from it: the court's rationale recognizes that a defendant's past actions often may be the architects of an appropriate sentencing outcome. This rationale draws primarily upon the "appalling" nature of the defendant's conduct. In support, the court patiently explained the details that made the offense conduct especially reprehensible, including the tender age of the victim, the gross invasion of

---

[2] For much the same reasons, the defendant's forlorn attempt to illustrate the putative unreasonableness of his sentence by comparing his GSR with a hypothetical GSR for sexual abuse of a minor is an exercise in futility.

privacy associated with a surreptitious recording made in the victim's bathroom, the defendant's deviant self-gratification (masturbating while watching the videos), and the "betrayal of trust" stemming from the defendant's relationship with the victim. This lucid explanation fully justified the sentence that the district court imposed.

In an effort to derail this train of thought, the defendant relies heavily on the decision in United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010). This reliance is misplaced. In Dorvee, the Second Circuit found a 233-month sentence substantively unreasonable because, among other things, the sentencing court "offered no clear reason" for the lengthy sentence and relied unthinkingly on the guidelines in determining that the sentence was reasonable. Id. at 184. The court below was not guilty of any such bevues; as we have explained, it examined the totality of the circumstances, appropriately treated the various guideline provisions as rough proxies, fashioned a sentence that responded to the nature and circumstances of the offense, and gave a plausible reason for the sentence. No more was exigible.

Let us be perfectly clear. We are not unsympathetic to concerns about perceived harshness in the child pornography guidelines. See, e.g., United States v. Stone, 575 F.3d 83, 97 (1st Cir. 2009). Here, however, the defendant's challenge focuses myopically on certain guidelines to the exclusion of all else and,

thus, fails to account for the actual reasons that support the imposition of his sentence. Those reasons are fully sufficient to justify the sentence imposed.

To cinch matters, the fact that a sentence falls <u>within</u> a properly constructed GSR typically affords some basis for concluding that the sentence is substantively reasonable. <u>See</u> <u>United States</u> v. <u>Pelletier</u>, 469 F.3d 194, 204 (1st Cir. 2006). Here, the sentence actually imposed was <u>below</u> the bottom of a properly constructed GSR. It is a rare below-the-range sentence that will prove vulnerable to a defendant's claim of substantive unreasonableness. <u>See</u> <u>United States</u> v. <u>Floyd</u>, ___ F.3d ___, ___ (1st Cir. 2014) [Nos. 12-2229, 12-2231, slip op. at 36]. This case plainly falls within the general rule, not within the long-odds exception to it.

There is one loose end. In his reply brief, the defendant suggests for the first time that his trial counsel rendered ineffective assistance by failing to challenge the district court's refusal to credit him for acceptance of responsibility. We decline to address this suggestion for two reasons. First, arguments that make their debut in an appellant's reply brief are ordinarily deemed waived. <u>See</u> <u>United States</u> v. <u>Eirby</u>, 515 F.3d 31, 37 n.4 (1st Cir. 2008). Second — with only limited exceptions (none of which is applicable here) — we will not address ineffective assistance of counsel claims that are raised

for the first time on direct review.[3]  See United States v.
Maldonado-García, 446 F.3d 227, 233 (1st Cir. 2006); United States
v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993).

We need go no further.  For the reasons elucidated above,
we deem the defendant's sentence to be well within the universe of
condign punishment for a particularly repellent crime.  The
sentence is, therefore,

**Affirmed.**

---

[3] The defendant may, of course, pursue such a claim through a
petition for collateral relief under 28 U.S.C. § 2255.  See United
States v. Mala, 7 F.3d 1058, 1064 (1st Cir. 1993).