**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-2356

UNITED STATES OF AMERICA,

Appellee,

v.

FRANCISCO SANTIAGO-SERRANO, a/k/a MALLUCA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

Michael R. Hasse on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney (Appellate Chief), and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

January 23, 2015

THOMPSON, **Circuit Judge**.  After entering into a plea agreement with a pledge that prosecutors would propose a sentence range of 168 to 210 months, Francisco Santiago-Serrano pled guilty to carrying and using a firearm in relation to a drug offense.  See 18 U.S.C. § 924(c)(1)(A).  The district court, however, imposed a 360-month prison sentence — a term Santiago-Serrano now says is both procedurally and substantively unreasonable.  We review preserved arguments for abuse of discretion and unpreserved ones for plain error.  See, e.g., United States v. Tavares, 705 F.3d 4, 24 (1st Cir. 2013).  And having studied the record — the plea agreement, the unobjected-to pre-sentence investigation report ("PSI report"), the transcripts of the change-of-plea and sentencing hearings, etc. — as well as the law books, we conclude that this is a sure-shot win for the government.  So we affirm, with these brief comments.

On the procedural-reasonableness issue:

**1.**  For the first time on appeal, Santiago-Serrano claims the district court neither sufficiently considered the factors listed in 18 U.S.C. § 3553(a), nor adequately considered the mitigating factors favoring a lower sentence, nor satisfactorily explained its sentencing rationale.  We think the opposite.

Yes, a sentencing court must ponder the relevant § 3553(a) factors.  But the court "need not give each factor equal billing."  United States v. Denson, 689 F.3d 21, 28 (1st Cir.

2012). Moving from the general to the specific, the court here gave individualized attention to Santiago-Serrano's case. The court heard defense counsel's pitch for leniency and Santiago-Serrano's allocution. And the court then touched on a number of § 3553(a) factors relevant to his situation. For example, the court noted the seriousness of his crime — the plea agreement's admitted-to facts showed that for years he was "the main leader" of a drug conspiracy, "a drug point owner," the receiver of drug "proceeds," and a gun-carrying "enforcer." The court also highlighted his prior run-ins with the law — including his earlier local drug conviction and his still-pending local first-degree-murder charge. And the court talked — at least inferentially — about the need to deter and protect others. Maybe the court's sentencing explanation was a tad brief. But "brevity" does not necessarily mean "inattention." United States v. Turbides-Leonardo, 468 F.3d 34, 42 (1st Cir. 2006). And any holes in the court's reasoning can be plugged by "comparing what was argued by the parties or contained in the [PSI report] with what the [court] did." United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc).

No plain error.

**2.** Relatedly, Santiago-Serrano blasts the court for harping on the perceived problems with Puerto Rico's justice systems — including the supposedly lenient way courts there handled

his past criminal scrapes — and on how drug and gun crimes are the scourge of his community. But such considerations are not improper, provided the court still pays attention to the particulars of the offender's case. See United States v. Flores-Machicote, 706 F.3d 16, 24 (1st Cir. 2013); see also United States v. Narváez-Soto, No. 13-1963, 2014 WL 6790763, *3 (1st Cir. Dec. 3, 2014). And the record reflects that the court heeded this directive.

No abuse of discretion.

**3.** Santiago-Serrano complains that the sentencing record left the leadership issue "unresolved." The problem for him is that he signed a plea agreement admitting (among other things) that he "was the main leader of the drug trafficking organization" — not to mention "a drug point owner" and "enforcer" for the syndicate. Which is more than enough to support the court's leadership conclusion. For completeness's sake — and at the risk of overkill — we also note that during the change-of-plea hearing the court spotlighted for Santiago-Serrano how the plea agreement's fact statement said he had a leadership position with the drug enterprise. "Is that what happened, sir?" the court asked him. "Yes," he said.

No abuse of discretion.

**4.** We disagree with Santiago-Serrano's suggestion made here — but not below — that the court was bound by the plea

agreement's recommended 168-to-210-month sentencing range. After all, a court is not typically required to blindly follow the parties' recommended sentence. See, e.g., Flores-Machicote, 706 F.3d at 19-20. We say "typically" because "a so-called C-type plea agreement" lets "the parties . . . bind the district court to a pre-agreed sentence if the court accepts the plea." United States v. Rivera-Martínez, 665 F.3d 344, 345 (1st Cir. 2011). This is not the case here, however, as the plea agreement indicated and as the judge explained during the change-of-plea hearing.[1]

No plain error.

**5.** Santiago-Serrano débuts a number of arguments here based on chapter 4 of the federal sentencing guidelines. He points out, for example, that U.S.S.G. § 4A1.2(e)(1) says a crime counts toward a defendant's criminal-history score only if it resulted in his imprisonment "during any part" of the 15 years preceding the the start of the present offense. And he insists that the court incorrectly counted one of his crimes based on this formula. But his claim is a nonstarter. For cases like ours, as the unobjected-to PSI report notes, another provision — U.S.S.G. § 2K2.4(b) — tells courts that chapter 4 does not apply when calculating sentences for § 924(c) offenses. And nothing shows that the court

---

[1] The parties negotiated the plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B), not (C).

applied chapter 4 here. All of this ultimately undermines Santiago-Serrano's chapter-4-based arguments.[2]

No plain error.

Turning now to the question of substantive reasonableness:

**1.** Santiago-Serrano thinks the sentence of 360 months — 30 years — is too harsh. Reduced to its essentials, the statute of conviction provides that anyone who possesses a firearm in furtherance of a drug-trafficking crime "shall, in addition to the punishment provided for such . . . drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). The maximum penalty is life in prison.[3] See, e.g., United States v. Ortiz-García, 665 F.3d 279, 285 (1st

_____

[2] A quick aside. The court said at the plea hearing and at sentencing that this is "a non-guideline case," that "the guidelines tell me not to use the guidelines," and that the "guidelines will not play a part" in sentencing for § 924(c). But the guidelines do contain a recommended sentence for a § 924(c) conviction — they recommend the statutory minimum. See U.S.S.G. § 2K2.4(b); United States v. Millán-Issac, 749 F.3d 57, 67 (1st Cir. 2014). Here, that is 5 years. See 18 U.S.C. § 924(c). One could argue from this that the court might have committed a procedural error in failing to calculate the guideline range. See Tavares, 705 F.3d at 25. But we need not tackle that issue, because Santiago-Serrano did not raise that argument below or here, which means it is waived. See, e.g., United States v. Sacko, 247 F.3d 21, 24 (1st Cir. 2001).

[3] The statute also declares that the prison term shall not "run concurrently with any other" prison term imposed, including any prison term "imposed for the . . . drug trafficking crime during which the firearm was . . . possessed." 18 U.S.C. § 924(c)(1)(D)(ii).

Cir. 2011). No one doubts that the court handed out a stiff sentence, though one that obviously is below the statutory maximum. But not every stiff sentence is — by that fact alone — substantively unreasonable. See, e.g., Flores-Machicote, 706 F.3d at 25; United States v. Vargas, 560 F.3d 45, 51 (1st Cir. 2009). What matters is whether the court's rationale was "plausible" and whether the sentence falls "within the expansive universe" of acceptable outcomes. United States v. King, 741 F.3d 305, 308 (1st Cir. 2014). And the court's sentence here passes that test.

The court offered sufficiently compelling reasons to justify the sentence. Santiago-Serrano's offense conduct is serious — as the conspiracy's leader, drug-point owner, and enforcer he (in the court's words) used others to "destroy[] the very essence of what a human life is"; his criminal history is troubling; and the deterrence and societal-protective needs are great. Perhaps a different court would have settled on a different sentence. But because we cannot say that this court's decision is outside the "wide" realm of defensible results, the sentence stands. See United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir.) (adding too that "there is no perfect sentence"), cert. denied, 135 S. Ct. 293 (2014).

No abuse of discretion.

**Affirmed**.