**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1874

UNITED STATES OF AMERICA,

Appellee,

v.

SHARON CONLEY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

Sarah A. Churchill and Nichols & Webb, P.A. on brief for appellant.
Renée M. Bunker, Assistant United States Attorney, and Thomas E. Delahanty II, United States Attorney, on brief for appellee.

September 11, 2015

**THOMPSON**, **Circuit Judge**.  Defendant-Appellant Sharon Conley ("Conley") pleaded guilty to one count of wire fraud, one count of mail fraud, one count of social security fraud, and one count of aggravated identity theft arising out of her fraudulent use of several credit cards.[1]  The district court sentenced Conley to thirty-six months' imprisonment, twelve months on the fraud counts to be served concurrently and a mandatory consecutive twenty-four months on the aggravated identity theft charge, followed by three years' supervised release.[2]  On appeal, Conley challenges only the substantive reasonableness of her twelve month sentence on the fraud counts.  Conley does not challenge the procedural reasonableness of her sentence, including the sentencing guideline calculation.  For the reasons that follow, we affirm the district court.

We review challenges to the reasonableness of a sentence for abuse of discretion.[3]  Gall v. United States, 522 U.S. 38, 46

---

[1] Although Conley's plea agreement contained a waiver-of-appeal clause, Conley only waived her right to appeal a sentence that did not exceed thirty-three months.  Given the thirty-six month sentence imposed, Conley's waiver does not apply.

[2] Because this appeal follows a guilty plea, we draw the facts from the change-of-plea colloquy, the Presentence Investigation Report, and the transcript of the sentencing hearing.  United States v. Cintrón-Echautegui, 604 F.3d 1, 2 (1st Cir. 2010).

[3] Conley does not appear to have preserved a substantive reasonableness challenge below.  As such, the applicable standard of review is somewhat unclear.  Most circuits "have found that an objection in the district court is not required to preserve a claim

(2007).  "Challenging a sentence as substantively unreasonable is a burdensome task in any case, and one that is even more burdensome where, as here, the challenged sentence is within a properly calculated [Guidelines Sentencing Range]."  United States v. Clogston, 662 F.3d 588, 592-93 (1st Cir. 2011).  The "linchpin" of a substantively reasonable sentence is whether the court's sentencing rationale was "plausible" and the result "defensible." United States v. King, 741 F.3d 305, 308 (1st Cir. 2014) (citation omitted).  "Consequently, we limit our review to the question of whether the sentence, in light of the totality of the circumstances, resides within the expansive universe of reasonable sentences."  Id.

Conley's lone argument is that the district court failed to properly consider her history of mental illness and prior sexual and mental abuse.  The record belies this contention.  The district court recited the relevant statutory sentencing factors, including "the particular history and characteristics of the defendant," and adopted the facts set out in the Presentence Investigation Report

_____

that the duration of a sentence is substantively unreasonable . . . [t]his court, however, has held, albeit without analysis, that a failure to interpose an objection in the district court to the substantive reasonableness of a sentence begets plain error review."  United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015) (internal citations omitted).  Here, though, we need not decide the issue.  Even if we assume, favorably to Conley, that the abuse of discretion standard applies, a proposition that the government does not dispute, Conley's challenge nevertheless fails.

- 3 -

("PSR"), which detailed Conley's past trauma and mental health issues. Moreover, defense counsel highlighted relevant portions of the PSR at sentencing, detailing the "sexual, emotional and physical trauma" Conley suffered, and argued that given Conley's "mental health history" she should be allowed to self-surrender to allow for the designation of an appropriate Bureau of Prisons ("BOP") facility. Apparently responsive to defense counsel's arguments, the court recommended that Conley be designated to a BOP facility capable of addressing Conley's "serious mental health needs," and further ordered mental-health treatment as a condition of her supervised release.

In essence, Conley complains that the district court should have weighed the statutory factors differently, placing more weight on particular mitigating factors to grant a downward variance. The district court offered sufficiently compelling reasons to justify the sentence, however, highlighting the need for a just punishment, to promote respect for law and deterrence, and to avoid unnecessary sentencing disparity. "That the court chose to attach less significance to certain mitigating circumstances than [Conley] thinks they deserved does not make [her] sentence substantively unreasonable." United States v. Colón-Rodríguez, 696 F.3d 102, 108 (1st Cir. 2012).

Conley has failed to show that the sentencing court's bottom-of-the-guideline range sentence was unreasonable.  For the reasons made plain above, we uphold Conley's sentence.

Affirmed.