# United States Court of Appeals
## For the First Circuit

No. 15-1037

UNITED STATES OF AMERICA,

Appellee,

v.

JAMES M. CAMERON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, U.S. District Judge]

Before

Torruella, Lynch, and Thompson,
Circuit Judges.

Peter Charles Horstmann, for appellant.
Renée M. Bunker, Assistant United States Attorney, with whom
Thomas E. Delahanty II, United States Attorney, was on brief for
appellee.

August 22, 2016

**TORRUELLA, Circuit Judge**. Following a bench trial in the U.S. District Court for the District of Maine, Defendant-Appellant James M. Cameron ("Cameron") was convicted on thirteen counts of child pornography. Cameron appealed for the first time, and this Court vacated Cameron's conviction on six of those counts, upheld his conviction on the remaining seven counts, and remanded the case to the district court. United States v. Cameron, 699 F.3d 621, 653 (1st Cir. 2012).

The day after we issued our decision, Cameron fled the state of Maine in violation of a court order. He was subsequently apprehended and pled guilty to one count of criminal contempt. The Government declined to seek a new trial on the six counts we vacated and moved for sentencing on the seven remaining child-pornography counts and the criminal-contempt count.

After a hearing, the district court sentenced Cameron to 165 months' imprisonment for the child-pornography counts and twenty-four months for the contempt charge. Cameron now appeals from his sentence for the child-pornography counts. Cameron argues that the sentence was procedurally unreasonable because the district court did not adequately consider Cameron's disproportionate-sentence argument and treated certain factors in Cameron's history and characteristics inappropriately. Cameron also argues that the 165-month sentence creates an unwarranted

sentence disparity with similar cases and was therefore substantively unreasonable.

We affirm the district court's sentence.

## I.  BACKGROUND

### A.  Cameron's Conviction and Appeal

On February 11, 2009, a federal grand jury indicted Cameron, then a prosecutor for the state of Maine, on sixteen counts of child pornography-related crimes.[1] After a bench trial, the district court found Cameron guilty on thirteen of the sixteen counts. The district court then sentenced Cameron to 192 months' imprisonment. Cameron appealed to this Court, and on November 14, 2012, this Court held that the district court erred when it admitted certain evidence in violation of Cameron's rights under the Confrontation Clause. Cameron, 699 F.3d at 649-51. We therefore vacated six counts of Cameron's conviction and remanded the case to the district court "for re-sentencing, or a new trial if the government wishes to so proceed." Id. at 626.

---

[1] Cameron was indicted on ten counts of knowingly transporting child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and 2256(8)(A); four counts of knowingly receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2256(8)(A); and two counts of knowingly possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A).

**B. Cameron Flees Maine**

The day after this Court issued its opinion upholding portions of Cameron's conviction, Cameron fled the state of Maine in violation of his release conditions. Cameron avoided detection for more than two weeks, and during that time, he attempted to cash two forged checks for $42,000 and $32,000. The district court found that Cameron "fled the jurisdiction with the specific intent to avoid the resentencing hearing that the First Circuit ordered."

Cameron was eventually arrested in New Mexico, and on January 2, 2013, the Government charged Cameron with criminal contempt in violation of 18 U.S.C. § 401(3). Cameron pled guilty to the criminal contempt charge on February 19, 2013.

**C. The District Court Re-Sentences Cameron**

**1. The District Court's Sentencing Guidelines Calculation**

The Government declined to re-try Cameron on the six counts that this Court vacated and moved for resentencing on the remaining seven counts and sentencing on the count for criminal contempt. Cameron's probation officer prepared a Presentence Investigation Report, and the parties submitted briefing. On October 17, 2014, before holding a sentencing hearing, the district court issued a detailed order in which it calculated

Cameron's offense level under the U.S. Sentencing Guidelines ("USSG" or the "Guidelines").

In its sentencing order, the district court decided four contested issues. First, it determined that it would not count the images of child pornography underlying the six counts vacated by this Court. Excluding those images, the district court counted only 179 pornographic images of minors, and so it applied a three-level enhancement under USSG § 2G2.2(b)(7)(B), rather than the four-level enhancement sought by the Government.

Second, the district court determined that some of the 179 images contained sadistic or masochistic depictions and applied a four-level enhancement under USSG § 2G2.2(b)(4).

Third, the district court added a five-level enhancement to Cameron's offense level pursuant to USSG § 2G2.2(b)(3)(B) because it determined that Cameron distributed images for a thing of value.

Fourth, the district court applied a two-level enhancement for obstruction of justice pursuant to USSG § 3C1.1, but it recognized Cameron's "right to argue that the application of the obstruction of justice enhancement in the Guideline calculation and of a consecutive penalty in the statute for the same conduct results in a sentence that is too harsh" under 18 U.S.C. § 3553(a).

Based on these rulings and other uncontested factors, the district court ruled that Cameron had a total offense level of forty. As the district court explained at the subsequent sentencing hearing, Cameron had a base offense level of twenty-two. To that, the district court added a fourteen-level enhancement from the contested issues discussed above, a two-level enhancement for images of a prepubescent minor, and a two-level enhancement for storing images on a computer, bringing Cameron's total offense level to forty. Cameron had a criminal history category of I, which led to a Guideline sentencing range of 292 to 365 months of imprisonment.

The district court reserved judgment on "the total sentence" for Cameron's sentencing hearing.

## 2. The District Court Sentences Cameron to 165 Months of Imprisonment Based on its 18 U.S.C. § 3553(a) Analysis

The district court held a sentencing hearing on December 17, 2014. At the hearing, Cameron argued that his employment as Maine's chief drug-enforcement prosecutor at the time of his offenses could not "be an aggravating factor." The district court "generally" agreed with Cameron that it could not increase Cameron's sentence because of his employment at the time, but it ruled that it would consider his position "as a factor in assessing his history and characteristics" under 18 U.S.C. § 3553(a).

-6-

The district court also addressed Cameron's contention that "a growing national consensus" supported a sentence "near the statutory minimum of five years" for child pornography. It recognized that 18 U.S.C. § 3553(a)(6) required it "to avoid unwarranted sentencing disparities among similarly situated defendants," but the district court also described the difficulty in doing so "because the circumstances are so highly individualized." To "illustrate how difficult" it could be to compare cases, the district court orally discussed three "cases that [it was] familiar with" from Cameron's briefing and distinguished those cases from Cameron's.

The district court also reviewed Cameron's history and characteristics, including his attempt to escape resentencing, which did "not speak well of the defendant's character." Ultimately, the district court imposed a 165-month sentence on the child-pornography counts. To get to this number, it looked at Cameron's total offense level of forty and ignored the two-level increase for obstruction of justice, because it was imposing a separate twenty-four month sentence for obstruction of justice. This produced a total offense level of thirty-eight "for purposes of the child pornography offenses," with a Guideline range of 235 to 293 months' imprisonment. The district court then subtracted

seventy months from the 235-month Guideline minimum, as it had done the first time it sentenced Cameron,[2] to reach 165 months.

Cameron timely appealed from the sentencing order.

## II.  **ANALYSIS**

Cameron argues that his sentence was procedurally and substantively unreasonable because the district court did not adequately analyze and distinguish the numerous cases he cited as comparators and considers factually relevant, and its 165-month sentence created a "glaring disparity between Cameron's sentence and others."  Cameron also argues that the district court did not credit Cameron's acceptance of responsibility at his second sentencing hearing, penalized him for going to trial, and inappropriately considered Cameron's position as a prosecutor at the time of his crimes.  We first examine Cameron's claims of procedural error and then turn to his claims of substantive error.

## A.  **The District Court Did Not Commit Procedural Error**

When reviewing sentencing determinations, this Court "first review[s] the procedural component of the sentence for abuse of discretion."  United States v. Innarelli, 524 F.3d 286, 292 (1st Cir. 2008).  "[P]rocedural errors amounting to an abuse of discretion might include 'failing to calculate (or improperly

---

[2]  The district court also incorporated its reasoning from its first sentencing order.

-8-

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" Id. (quoting United States v. Politano, 522 F.3d 69, 72 (1st Cir. 2008).

### 1. The District Court Properly Used the Sentencing Guidelines as a Starting Point for Cameron's Sentence

Cameron argues that the district court committed procedural error by using the Guidelines as a starting point for Cameron's sentence. Cameron cites Kimbrough v. United States, 552 U.S. 85, 88 (2007), for the proposition "that having the guidelines as the 'starting point' [for a sentence] would not adequately ensure . . . uniformity." He then argues that "the national average [of sentences for similar charges] is the starting point for most [child-pornography] sentencing reductions."

Cameron misreads Kimbrough and our precedents. Kimbrough itself states that "district courts must treat the Guidelines as the starting point and the initial benchmark" for their sentencing decisions, although they can vary from those guidelines based on their "greater familiarity with the individual case and the individual defendant." Id. at 108-09 (ellipsis omitted). Our case law likewise makes plain that district courts "must start out by calculating the proper Guidelines range -- a step so critical that a calculation error will usually require

-9-

resentencing." <u>United States</u> v. <u>Rodríguez</u>, 630 F.3d 39, 41 (1st Cir. 2010).

Here, the district court correctly treated the Sentencing Guidelines as its starting point in calculating Cameron's sentence. <u>See</u>, <u>e.g.</u>, <u>id.</u> Cameron does not contest the district court's calculation, which was favorable to Cameron because it omitted the images underlying the six counts we vacated in Cameron's first appeal (and which the Government sought to have included in the calculation as "related conduct"). The district court was not required to use the national sentencing average as its starting point.

**2.    The District Court Properly Applied 18 U.S.C. § 3553(a)**

Cameron also argues that the district court committed procedural error because it "ignored 49 pages of disparate cases that were brought to its attention" and "failed to consider aggregate sentencing data." In addition, Cameron contends that the district court did not credit him for accepting responsibility, penalized Cameron for going to trial, and improperly considered Cameron's former position as a prosecutor.

The record shows that the district court did not ignore Cameron's citations or sentencing data. At the December 17, 2014 sentencing hearing, the district court acknowledged "all of the effort that [Cameron] made in pointing the [sentencing] cases out,"

and it specifically discussed some of those cases to "illustrate how difficult" comparing cases can be. The district court also stated that it "reviewed carefully [Cameron's] extensive and helpful memorandum." Cameron would have us assume that the district court never considered his authorities and statistics, simply because it did not discuss them as deeply as he would prefer. We need not do that. See United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011) ("A reviewing court should be reluctant to read too much into a district court's failure to respond explicitly to particular sentencing arguments. Instead, the reviewing court must assay the record as a whole to gauge the sentencing judge's thought process.").

Cameron's other assertions are likewise misplaced. The district court recognized that Cameron had eventually accepted responsibility for his actions, but it also weighed Cameron's flight prior to resentencing and questioned whether Cameron's new-found acceptance was a "form of conviction conversion." Similarly, the district court examined Cameron's prior employment as a prosecutor only "as a factor in assessing his history and characteristics," whether helpful or hurtful to Cameron. Finally, the district court examined Cameron's conduct throughout his trial and appeals. Cameron was not penalized for going to trial, he

merely did not benefit from the Guideline reductions that might have applied for cooperating and pleading guilty.

The district court specifically stated that it "consider[ed] each of the factors set forth in 18 U.S.C. Section 3553(a)," directly addressed Cameron's disparity argument, and discussed Cameron's crime, history, and characteristics. The district court's thoroughness forecloses Cameron's claims of procedural unreasonableness. See Innarelli, 524 F.3d at 292.[3]

**B.  The District Court Did Not Commit Substantive Error**

Because the district court did not commit procedural error, we now must consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." United States v. Vázquez-Martínez, 812 F.3d 18, 22 (1st Cir. 2016) (quoting Gall, 552 U.S. at 51).  This Court recognizes the "substantial discretion vested in a sentencing court" as well as the judge's prerogative to "custom-tailor an appropriate sentence" based on the district court's familiarity with the case and its application of the sentencing factors in 18 U.S.C. § 3553(a). United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013).

---

[3]  Cameron also asserts, in a single sentence, that his 165-month sentence "served to violate his rights" under the Fifth and Eighth Amendments of the United States Constitution.  Cameron did nothing to develop those arguments in his briefs or at oral argument, and so he has waived them.  See United States v. Berk, 652 F.3d 132, 137 n.5 (1st Cir. 2011).

"[W]e afford the district judge wide discretion, as after the [district court] has calculated the Guidelines range, sentencing becomes a judgment call," and we "defer to the sentence as reasonable so long as it is supported by a plausible sentencing rationale and reaches a defensible result." United States v. Breton, 740 F.3d 1, 19 (1st Cir. 2014) (alterations omitted). The question is "whether the sentence, in light of the totality of the circumstances, resides within the expansive universe of reasonable sentences." United States v. King, 741 F.3d 305, 308 (1st Cir. 2014). "It is a rare below-the-range sentence that will prove vulnerable to a defendant's claim of substantive unreasonableness. Id. at 310 (citing United States v. Floyd, 740 F.3d 22, 39-40 (1st Cir. 2014)).

Cameron asserts that "there is nothing plausible or defensible about the result in this case," but he presents nothing that suggests the district court abused its substantial discretion to "custom-tailor" a sentence. Flores-Machicote, 706 F.3d at 20. Cameron espouses the same sentencing disparity arguments he made to support his claim of procedural error, and those arguments fail for much the same reasons. The district court explained its rationale for the 165-month sentence, which was well below the Guidelines range, and adopted its well-reasoned sentencing memorandum from its original sentence in 2011.

The court's rationale regarding the sentence generally, and Cameron's disparity argument specifically, was certainly "plausible," and the result "defensible," which is all that our review requires. Breton, 740 F.3d at 19. Cameron's sentence, by virtue of the court's attention to all of the 18 U.S.C. § 3553(a) factors and Cameron's disparity argument, as well as the relative leniency of the sentence in light of the Guideline minimum, is well within the "universe of reasonable sentences." King, 741 F.3d at 308.[4] As such, this is plainly not the "rare below-the-range sentence" that would succumb to a defendant's claim of substantive unreasonableness. Id. at 310.

### III.  CONCLUSION

For the foregoing reasons, the district court's sentence is affirmed.

**Affirmed**.

---

[4] Citing United States v. Stone, 575 F.3d 83, 97 (1st Cir. 2009), in which we criticized -- but upheld -- a sentence imposed by this same district judge, Cameron declares that this district judge "continue[s] to impose harsh sentences for first time offenders in CP cases." In light of Cameron's remark, we note that the district court stated at Cameron's 2011 sentencing hearing that it "take[s] that directive from the appellate court with seriousness," and discussed Stone at that hearing and in its 2011 sentencing order, including this Court's criticism of the Stone sentence.