# United States Court of Appeals
## For the First Circuit

No. 16-1463

UNITED STATES OF AMERICA,

Appellee,

v.

ROSA E. CASTRILLÓN-SÁNCHEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

Jose R. Gaztambide-Aneses, on brief for appellant.
James I. Pearce, Attorney, Appellate Section, Criminal
Division, U.S. Department of Justice, Leslie R. Caldwell,
Assistant Attorney General, Criminal Division, Sung-Hee Suh,
Deputy Assistant Attorney General, Criminal Division, Wifredo A.
Ferrer, United States Attorney, Southern District of Florida, H.
Ron Davidson, Assistant United States Attorney, Charles R.
Walsh, Trial Attorney, Criminal Division, and Luke Cass, Trial
Attorney, Criminal Division, on brief for appellee.

June 28, 2017

**BARRON**, **Circuit Judge**.  Rosa E. Castrillón-Sánchez ("Castrillón") led a large-scale fraudulent financial scheme for five years.  After the scheme came to an end, she pleaded guilty to criminal charges, based on her conduct during the course of the scheme.  On appeal, she contends that her sentence was substantively unreasonable.  We affirm.

## I.

In July 2010, a federal grand jury in the District of Puerto Rico charged Castrillón and eight others with a variety of criminal conduct.  The first count charged all defendants with conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349.  Castrillón and various co-defendants were also charged with eleven counts of wire fraud, in violation of 18 U.S.C. § 1343; fourteen counts of bank fraud, in violation of 18 U.S.C. § 1344; and four counts of money laundering, in violation of 18 U.S.C. § 1957(a).  Finally, Castrillón alone was charged with four counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

The charges pertained to a fraudulent scheme that ran from April 2005 to March 2010.  During that time, Castrillón and her co-defendants falsely and fraudulently induced over ninety people to provide Castrillón with funds totaling more than five million dollars.  Those funds allegedly came from victims' savings and brokerage accounts, loans provided by their family

- 2 -

and friends, and unsecured personal loans made by financial institutions.

According to the pre-sentence investigation report (PSR) prepared by the probation office prior to sentencing, the fraud operated as follows. Castrillón would befriend an individual and confide that she was the beneficiary of a Certificate of Deposit or trust for a large amount of money that was either pledged as collateral or frozen at a local bank. Castrillón would tell the targeted individual that she needed money to enable her to obtain the funds that she was due as the beneficiary of the Certificate of Deposit or trust, and that she would pay the targeted individual back once she obtained her funds. Castrillón would often induce her victims to take out bank loans and provide her with the proceeds of those loans. Sometimes, Castrillón also prepared fraudulent documents for the targeted individuals to submit to banks, so that those individuals could obtain loans and then give the resulting funds to Castrillón. Castrillón also used targeted individuals' personal information to obtain loans or cash advances in their names and without their knowledge. And, to help perpetuate the fraud, Castrillón prevented targets from contacting law enforcement by giving them lulling payments or by threatening them with violence, criminal liability, or the loss of their money. Overall, the fraud continued for five years.

The grand jury indicted Castrillón in July 2010, and she was arrested the next day. In December 2013, Castrillón pleaded guilty, pursuant to a plea agreement, to two of the indictment's counts: one count of conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. The District Court dismissed the remaining counts against Castrillón on the government's motion.

The plea agreement set forth sentencing recommendations based on calculations made under the United States Sentencing Guidelines.[1] With respect to the conspiracy count, the plea agreement calculated Castrillón's base offense level as seven, U.S.S.G. § 2B1.1(a)(1), and then applied an eighteen-level enhancement based on the amount of money lost, id. at § 2B1.1(b)(1)(J); a four-level enhancement based on the number of victims who suffered substantial financial hardship, id. at § 2B1.1(b)(2)(B); a four-level enhancement based on Castrillón's role as a leader of the conspiracy, id. at § 3B1.1(a); and a two-level reduction based on Castrillón's acceptance of responsibility for her actions, id. at § 3E1.1(a). The plea agreement thus determined Castrillón's total offense

_____

[1] All citations to provisions of the United States Sentencing Guidelines are to the versions of those provisions in effect at the time of Castrillón's plea agreement and sentencing, respectively.

level to be 31.  The plea agreement did not stipulate a criminal history category for Castrillón.  But, the plea agreement did note that, assuming a criminal history category of I (the lowest level), a total offense level of 31 corresponds to a guidelines sentencing range of 108-135 months' imprisonment.  U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

For the aggravated identity theft count, the plea agreement relied on a sentence prescribed by statute.  Congress has mandated a sentence of 24 months' imprisonment for aggravated identity theft, 18 U.S.C. § 1028A(a)(1), to run consecutively with any other term of imprisonment, id. at § 1028A(b).  The plea agreement thus recommended a total sentence of 132 months' imprisonment: 108 months for conspiracy to commit wire fraud and bank fraud -- the low end of the guidelines range -- and 24 months for aggravated identity theft.

At sentencing, the District Court considered the PSR, which recounted Castrillón's conduct in detail and made recommendations concerning Castrillón's sentence.  With respect to the conspiracy count, the PSR's calculation of the total offense level was identical to the plea agreement's calculation, except in one respect: the PSR found applicable a two-level enhancement based on the vulnerability of Castrillón's victims, many of whom were elderly and unsophisticated.  U.S.S.G. § 3A1.1(b)(1).  As a result, the PSR calculated a total offense

level of 33, rather than the plea agreement's total offense level of 31. The PSR also determined that Castrillón's criminal history category was II. Based on these determinations, the PSR calculated a guidelines sentencing range of 151-188 months' imprisonment. U.S.S.G. Ch. 5, Pt. A (Sentencing Table). With respect to the aggravated identity theft count, the PSR, like the plea agreement, noted the mandatory 24 months' imprisonment required by 18 U.S.C. § 1028A(a)(1).

The District Court also considered Castrillón's sentencing memorandum, which contended that the two-level enhancement for vulnerable victims added by the PSR wrongfully "double counts" the enhancements already agreed upon in the plea agreement. Castrillón also contended that her criminal activity was attributable to her gambling addition, that she had begun the process of rehabilitation, that the probability of recidivism was low, and that in several past fraud cases the various enhancements applicable to her were not applied and the resulting sentences were considerably lower.

At sentencing, Castrillón's attorney told the District Court that Castrillón did not dispute the facts set forth in the PSR. Castrillón's attorney also stated that Castrillón had no objections beyond those set forth in her sentencing memorandum.

In sentencing Castrillón for the conspiracy count, the District Court followed the PSR in finding Castrillón's total

offense level to be 33. However, the District Court determined Castrillón's criminal history category to be I rather than II. The District Court thus concluded that the guidelines sentencing range for Castrillón for the conspiracy count was 135-168 months' imprisonment. U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

The District Court stated that it found that the guidelines calculations "satisfactorily reflect the components of the offense" and that it "ha[d] considered all factors" in 18 U.S.C. § 3553(a). The District Court further noted "the grave nature of the offense of conviction, the number of defendant's victims and their deep suffering, [Castrillón's] leadership role in the conspiracy, [and] the duration of the scheme and the amount of the victims' losses."

For these reasons, the District Court sentenced Castrillón to 135 months' imprisonment for the conspiracy count -- a sentence that is at the low end of the guidelines range that the District Court found applicable.

The District Court also sentenced Castrillón to 24 months' imprisonment for the aggravated identity theft count, as required by law. The District Court sentenced Castrillón to serve these terms consecutively, for a total term of imprisonment of 159 months.

Castrillón filed this timely appeal in which she challenges only the substantive reasonableness of her sentence, as she disclaims any grounds for claiming procedural error. The government argues that Castrillón waived the right to appeal. But, even if we look past the asserted waiver and assume that Castrillón is permitted to bring this appeal, her challenge fails.

For a preserved challenge to the substantive reasonableness of a sentence, "we proceed under the abuse of discretion rubric, taking account of the totality of the circumstances." United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015). Where, as here, a defendant does not preserve an objection to the substantive reasonableness of their sentence, "[t]he applicable standard of review is somewhat blurred" as to whether the ordinary abuse of discretion standard or the plain error standard applies. Id. at 228. But Castrillón's challenge fails even under the abuse of discretion standard.

"A sentence is substantively reasonable so long as it rests on a 'plausible sentencing rationale' and embodies a 'defensible result.'" Id. at 228 (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)). "[T]here is not a single reasonable sentence but, rather, a range of reasonable

sentences," and, "[c]onsequently, reversal will result if -- and only if -- the sentencing court's ultimate determination falls outside the expansive boundaries of that universe." Martin, 520 F.3d at 92.

In this case, the District Court explained that the sentence was based on the gravity of the offense, given the duration of the fraud, the losses suffered, and the nature of the victims. Moreover, the sentence fell within the range of imprisonment set forth in the guidelines. And, "a defendant who attempts to brand a within-the-range sentence as unreasonable must carry a heavy burden." United States v. Pelletier, 469 F.3d 194, 204 (1st Cir. 2006); see also United States v. Vega-Salgado, 769 F.3d 100, 105 (1st Cir. 2014); United States v. King, 741 F.3d 305, 310 (1st Cir. 2014).

Castrillón fails to carry that burden, especially given the contemptible nature of the conduct in which she engaged. Castrillón does identify various mitigating factors that she contends reveal that the District Court abused its discretion by not imposing a lighter sentence.[2] But, the fact that "the sentencing court chose not to attach to certain of the

---

[2] In particular, Castrillón identifies the following mitigating facts: the many negative effects of her compulsive gambling disorder, including the disorder's role as a cause of her criminal activity; the pain caused by her separation from her family, especially her son; her efforts at rehabilitation; her low chance of recidivism; her remorse; and disparities between her sentence and those in other cases.

mitigating factors the significance that the appellant thinks they deserved does not make the sentence unreasonable." United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011); see also United States v. Colón-Rodríguez, 696 F.3d 102, 108 (1st Cir. 2012) (same). To the contrary, we have upheld sentences as substantively reasonable where -- as here -- "the district court sufficiently weighed the history and characteristics of both the offense and the offender" and sentenced "within the universe of acceptable outcomes." United States v. Anonymous Defendant, 629 F.3d 68, 78 (1st Cir. 2010). And, from all that the record reveals, that is what the District Court did here.

## III.

For these reasons, appellant's sentence is **affirmed**.