**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 16-2034

UNITED STATES,

Appellee,

v.

HARRY PARSONS,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

---

Before

Howard, Chief Judge,
Torruella and Thompson, Circuit Judges.

---

Robert C. Andrews on brief for appellant.
William D. Weinreb, Acting United States Attorney, and Alexia R. De Vincentis, Assistant United States Attorney, on brief for appellee.

---

October 16, 2017

---

**Per Curiam**.  Appellant-defendant Harry Parsons appeals from the 54-month sentence imposed upon resentencing, which represented an upward variance from the non-career offender guideline sentencing range (GSR) of 37-46 months.  Parsons challenges the sentence as procedurally and substantively unreasonable.  We grant the government's motion for summary disposition.

At Parsons' original sentencing, the court determined (over Parsons' objection) that the career offender guideline applied to him.  However, the court exercised its discretion to deviate from that GSR and to sentence him as though he were not a career offender.  See United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)(stating that Kimbrough v. United States, 552 U.S. 85 (2007) "opened the door for a sentencing court to deviate from the guidelines in an individual case even though that deviation seemingly contravenes a broad policy pronouncement of the Sentencing Commission."). Neither party had requested a sentence within the career offender GSR and the court repeatedly stated that the career offender designation was not driving the sentence. After addressing in detail the 18 U.S.C. § 3553(a) factors as they applied to Parsons' case, the court imposed a 66-month sentence, which was somewhat above the non-career offender GSR of 37-46

months, but substantially below the career offender GSR of 262-327 months.

Parsons appealed his 66-month sentence to this court (Appeal No. 15-1539) and while that appeal was pending, the United States Supreme Court issued its decision in Johnson v. United States, 135 S.Ct. 2551 (2015)(Johnson II). In the wake of that decision, the government conceded that Parsons no longer qualified as a career offender and because the district court had not expressly stated "that it would have imposed the same sentence absent the career offender designation," Appellee's Brief in Appeal No. 15-1539, p. 27, the government took the position that the sentence should be vacated and the case remanded for resentencing. In view of that concession, we vacated Parsons' sentence and remanded.

Upon remand to the same sentencing judge, the court imposed a 54-month sentence, which represented an upward variance of eight months from the non-career offender GSR of 37-46 months. It was below the 66-month sentence requested by the government but above the 30-month sentence requested by Parsons. The court adopted the reasons it had articulated at the original sentencing, but reduced the sentence on account of Parsons' positive post-conviction conduct while in prison. The court recognized that the career offender guideline no longer applied, but emphasized that

- 3 -

it had "not consider[ed] [Parsons] the first time around as a career offender," Resentencing Transcript, p. 29, and that the initial sentence "was driven by [its] consideration of the § 3553(a) factors, which . . . are largely the same here." Id., p. 30. Parsons objected that the court had failed to sufficiently explain its decision to upwardly vary from the non-career offender GSR on remand, preserving that issue for appeal.

This court "review[s] the reasonableness of a sentence in a bifurcated fashion, first assessing claims of procedural unreasonableness before turning to plaints of substantive unreasonableness." United States v. Ubiles-Rosario, 867 F.3d 277, 290 (1st Cir. 2017). "Generally speaking, [this court] 'review[s] both procedural and substantive reasonableness under a deferential abuse-of-discretion standard.'" Id.

I. Procedural Reasonableness

Parsons contends that his sentence is procedurally unreasonable for 1) failure of the court to "articulat[e] the specific reasons for a sentence that was above the Guideline Range," and 2) "because the District Court failed to divorce his sentence from the prior erroneous career offender determination and did not otherwise provide a rationale that differentiated Mr. Parsons from similarly situated Criminal History Category III defendants." Appellant's Brief, p. 14. He maintains that

recidivism could not be relied upon to justify the upward variance because it had already been accounted for in calculating the CHC. Id.

At the resentencing hearing, the sentencing court adopted and incorporated its analysis of the § 3553(a) factors from the original sentencing. See Resentencing Transcript, p. 28. It recognized that Parsons no longer qualified as a career offender, but noted that it had not considered Parsons as a career offender when initially sentencing him. Id. at 29. Therefore, the § 3553 factors, that were addressed in detail at the first sentencing, applied in essentially the same way upon resentencing. See id., pp. 29-30. The exception was post-conviction conduct, for which the court reduced the 66-month sentence to 54 months. There was no abuse of discretion by the sentencing court in disavowing reliance upon the career offender GSR with respect to the initial sentencing or in adopting its analysis of the § 3553(a) factors from the original sentencing hearing.

Nor did the district court abuse its discretion by failing to differentiate Parsons from similarly situated defendants in Criminal History Category (CHC) III. At the original sentencing, the court expressed concern that CHC III understated Parsons' criminal history. Specifically, the court had noted the nature and number of convictions reported in the presentence report

(PSR) and the fact that Parsons had served no state prison time for those convictions. The court had also noted that Parsons had committed the present offenses while on probation for a state court offense, and that he had twice violated terms of pre-trial release while awaiting trial on this case.

Parsons contends that the court's explanation for finding that the CHC III did not adequately account for Parsons' criminal history was flawed on the ground that "recidivism could not be relied upon to justify the upward variance because it had already been accounted for in calculating the CHC." Appellant's Brief, p. 14. However, two of the factors specifically relied upon by the sentencing court (the recurrence of criminal offenses and the violations of pre-trial release) were not fully accounted for in the criminal history score. Because of the cap on one-point convictions under U.S.S.G. § 4A1.1(c), some of Parsons' prior convictions were not included in his total criminal history score. And his repeated violations of the terms of pre-trial release were not at all accounted for in his CHC.

There was no abuse of discretion in the court's explanation of its reasons for varying upwards from a GSR that was based upon a CHC of III. See United States v. Del Valle-Rodriguez, 761 F.3d 171, 176 (1st Cir. 2014)(stating that "upward variance may be justified by . . . a finding that the defendant's criminal

- 6 -

history score underrepresents the gravity of his past conduct . . . or by a finding that the GSR underestimates the likelihood of recidivism"); United States v. Politano, 522 F.3d 69, 75 (1st Cir. 2008)(upholding six-month variance that relied upon finding that defendant's "likelihood of recidivism was underestimated in the Guidelines").

## II. Substantive Reasonableness

The substantive dimension of the reasonableness inquiry "'focuses on the duration of the sentence in light of the totality of the circumstances.' It acknowledges that, although the 'sentencing court is under a mandate to consider a myriad of relevant factors, . . . the weighting of those factors is largely within the court's informed discretion.' Our review demands only 'a plausible sentencing rationale and a defensible result'" United States v. Nieves-Mercado, 847 F.3d 37, 42 (1st Cir. 2017). "Even with respect to an upwardly variant sentence, an appellate court 'must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance.'" United States v. Bermudez-Melendez, 827 F.3d 160, 163 (1st Cir. 2016).

Parsons argues that his sentence is substantively unreasonable because "there is nothing about his circumstances that justifies an upward variance." Appellant's Brief, p. 17. But,

as discussed above, the court relied at re-sentencing upon the factors on which it had relied at the original sentencing: "the nature of the crimes, the recurrence, and what deterrent effect those previous convictions and penalties have had or, frankly, not had at this point." Sentencing Tr., p. 23. The sentencing court's reliance upon those factors provides a "plausible sentencing rationale." See United States v. Flores-Machicote, 706 F.3d 16, 25 (1st Cir. 2013)(holding that "sentencing calculus centered on the seriousness of the defendant's criminal conduct, the defendant's past history and likelihood of recidivism, and the need for deterrence . . . constituted a plausible rationale").

"Where, as here, the district court imposes a sentence outside the GSR, a reviewing court must consider the extent of the variance. But even a substantial variance does not translate, ipso facto, into a finding that the sentence is substantively unreasonable. Everything depends on context." Id. (citations omitted). "'[T]here is not a single reasonable sentence but, rather, a range of reasonable sentences,' and, '[c]onsequently, reversal will result if — and only if — the sentencing court's ultimate determination falls outside the expansive boundaries of that universe.'" United States v. Castrillon-Sanchez, 861 F.3d 26, 30 (1st Cir.)(citations omitted), cert. denied, ___ S.Ct. ___, 2017 WL 3480393 (2017).

Here, the court imposed a sentence 8 months above the applicable GSR of 37-46 months.  In the context of the court's expressly articulated consideration of the § 3553(a) factors, particularly the recurrence of Parsons' criminal offenses, his failure to have been deterred, and concern about the need for the sentence to provide deterrence, the 54-month sentence is defensible. See Nieves-Mercado, 847 F.3d at 44 (holding that "upward variance of 9 months on top of a 41-51 month range constitutes a 'defensible result'").

The court's determination that "this is a sentence that is sufficient but not greater than necessary, to effect and reflect all of the goals of sentencing under § 3553(a)," Resenting Tr., p. 32, is also entitled to some weight.  See Ubiles-Rosario, 867 F.3d at 294.  Extraordinary circumstances were not necessary to justify the above-guideline sentence. See United States v. Pagan-Walker, ___ F.3d ___, 2017 WL 3446130, at *2 (1st Cir. Aug. 11, 2017).

Because the sentence was procedurally sound and substantively reasonable, the judgment of the district court is affirmed. See 1st Cir. R. 27.0(c).