# United States Court of Appeals
## For the First Circuit

No. 16-2144

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS D. RIVERA-HERNÁNDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Thompson, Boudin, and Kayatta,
Circuit Judges.

German A. Rieckehoff on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Thomas F. Klumper, Assistant United States Attorney, Acting Chief, Appellate Division, and John A. Mathews II, Assistant United States Attorney, on brief for appellee.

June 8, 2018

**BOUDIN**, **Circuit Judge**.  Luis Rivera-Hernández ("Rivera") was charged with transporting child pornography, 18 U.S.C. § 2252A(a)(1), and possession of such pornography, 18 U.S.C. § 2252A(a)(5)(B).  Based on a Rule 11(c) agreement with the prosecutor, Fed. R. Crim. P. 11(c)(1)(A)-(B), Rivera pled guilty to the first count while the prosecutor abandoned the second.  The agreement contained a total offense level of 27, but did not contain a stipulation as to Rivera's criminal history category ("CHC").  Accordingly, the agreement contained three contemplated sentencing ranges: 70-87 months (CHC I), 78-97 months (CHC II), or 87-108 months (CHC III).  The government agreed to recommend a sentence at the lower end of the applicable range at sentencing, which it did when it asked the district court to impose a 70-month sentence.

After the Probation Office's pre-sentence report ("PSR") urged adjustments not contained in the agreement, the district judge, in no way bound by the parties' agreement, United States v. Reyes-Santiago, 804 F.3d 453, 466 (1st Cir. 2015); United States v. Eirby, 262 F.3d 31, 38 n.3 (1st Cir. 2001), calculated the guideline sentence to incorporate the adjustments which are not contested here; the new guideline range was 121-151 months.  The district court then sentenced Rivera to 121 months in prison, the bottom of the range but higher than any sentence supported by both parties.

Rivera now deploys a wide-ranging attack on his sentence, including a procedural challenge asserting that the district court did not consider certain arguments he presented in his sentencing memorandum, and a direct assault on the guideline invoked by the district court, U.S.S.G. § 2G2.2, which provides the base offense level and various sentencing enhancements in child pornography cases.  We reject Rivera's procedural argument because even if the district court did not explicate on the record its consideration of all the arguments pressed in his sentencing memorandum, these arguments were unmistakably considered and rejected elsewhere in the court's reasoning.  See United States v. Fisher, 494 F.3d 5, 12 (1st Cir. 2007).

As for Rivera's attack on the guideline itself, Rivera's brief argues that both he and the prosecutor to the end urged a 70-month sentence, that U.S.S.G. § 2G2.2 was developed by the Sentencing Commission in response to congressional directives, that most district judges regard the sentences under this guideline as far too harsh, and that several of our sister circuits including the Second, United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), and the Third, United States v. Grober, 624 F.3d 592 (3d Cir. 2010), have comprehensively critiqued this guideline.  Rivera further asserts that his *total* offense level of 32, recommended in the PSR and ultimately adopted by the district court, is comparable

to the *base* offense level for second degree murder and voluntary manslaughter.  See U.S.S.G. §§ 2A1.2(a), 2A1.3(a).

The government has chosen not to reply to all of these pointed attacks, presumably believing that it does not have to do so.  The district court did not choose to vary or depart from the guideline range it adopted, so its authority to do so is not in issue here.  Nor, given precedent shortly to be cited, is a naked attack on Congress' guideline within the purview of this panel, as it might be were an en banc court considering the matter.  And, if the government had to defend the very severe sentences Congress envisioned, it could attempt to paint a somewhat darker picture-- focusing on the coercion of children that lies behind some child pornography.

Settled circuit precedent exists and controls the actions of this panel, which is not an en banc court: the First Circuit has cited this particular guideline and, while questioning its harshness in the ordinary case, has upheld a district court's discretion to follow it (or not).  E.g., United States v. Stone, 575 F.3d 83, 96 (1st Cir. 2009); see also United States v. Cameron, 835 F.3d 46, 50 (1st Cir. 2016).

The district court judgment is **affirmed**.