SELYA, Circuit Judge.
In this sentencing appeal, defendant-appellant Héctor Cortés-Medina insists that his 168-month sentence is both procedurally flawed and substantively unreasonable. After careful consideration, we affirm the sentence.[1]
This appeal has its roots in an indictment returned by a federal grand jury sitting in the District of Puerto Rico. The indictment alleged that the defendant served as an “enforcer” for a drug-trafficking ring and charged him as a participant in a conspiracy to possess with intent to distribute controlled substances within 1, 000 feet of a protected location. See 21 U.S.C. §§ 841(a)(1), 846, 860.
In due course, the defendant entered into a non-binding plea agreement (the Agreement) with the government. The Agreement provided that, in exchange for his guilty plea to the conspiracy charge and to a related forfeiture allegation, the government would recommend a 121-month prison term; provided, however, that the defendant’s criminal history category (CHC) was IV or lower. The district court accepted the plea, and the probation office prepared a presentence investigation report (PSI Report). Neither side objected to anything contained in the PSI Report, which (among other things) recommended a series of guideline calculations culminating in a total offense level of 30, a CHC of IV, and a guideline sentencing range (GSR) of 135 to 168 months.
At the disposition hearing, the government recommended the agreed 121-month sentence, even though that sentence was below the nadir of the GSR. The district court heard statements from defense counsel and the defendant himself, and the court acknowledged the parties’ joint sentencing recommendation. The court then engaged in a dissection of the defendant’s criminal history.
To begin, the court examined the four convictions on which the defendant’s CHC was premised. It then catalogued several arrests that had terminated either in acquittals or in dismissals. These included two charges for first-degree murder, two charges relating to destruction of evidence, and an assortment of charges for drug and firearm violations.[2] Noting that none of these charges had resulted in any punishment, the district court expressed frustration. The court said: “This is what I just don’t understand, how these things are happening.” It then added, cryptically, that “lightning doesn’t strike twice in the same place.”
The district court proceeded, without objection, to ratify and adopt the guideline calculations limned in the PSI Report. It stressed that the defendant was an enforcer in the drug-trafficking organization, adding “[w]e know what that means.” In the end, the court sentenced the defendant to a term of immurement at the apex of, but within, the GSR: 168 months;
This timely appeal ensued. Although the Agreement contains a waiver-of-appeal provision, that provision, by its terms, is operative only if the court sentences the defendant in accordance with the Agreement’s “terms, conditions and recommen *569 dations.” Because the sentence imposed by the district court exceeded the sentence recommended in the Agreement, the waiver-of-appeal provision is a dead letter. See, e.g., United States v. Fernández-Cabrera, 625 F.3d 48, 51 (1st Cir.2010).
Overall, “[a]ppellate review of federal criminal sentences is characterized by a frank recognition of the substantial discretion vested in a sentencing court.” United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir.2013). The “process is bifurcated: we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable.” United States v. Clogston, 662 F.3d 588, 590 (1st Cir.2011). Generally, both aspects of this review are for abuse of discretion. See Gall v. United States, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); United States v. Martin, 520 F.3d 87, 92 (1st Cir.2008). When assessing the procedural reasonableness of a sentence, • however, appellate review is more nuanced: we afford - de. novo consideration to the sentencing court’s interpretation and application of the sentencing guidelines and assay the court’s factfinding for clear error. See Flores-Machicote, 706 F.3d at 20.
These standards of review are altered when an objection is not preserved in the court below. In that event, review is for plain error. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir.2001). Plain error review is not appellant-friendly. It “entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant’s substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings.” Id.
Against this backdrop, we turn to the defendant’s claims of error: three procedural objections and a plaint of substantive unreasonableness. We address these matters’sequentially.
The defendant first argues that the district court erred by taking into account several dismissed or acquitted charges because the facts underlying those charges were not proven by a preponderance of the evidence. He says that he preserved this argument by means of a statement contained in the “Background of the Defendant” section of his sentencing memoran-duha:
As evidence showed in .the court files, that were examined, many of the indictments got dismissed because of lack of proof related to the supposed direct participation of the defendant and in others there was no proof at all.
During the investigations as is shown as well in the Pre-Sentence Report the defendant has been accused of many different illegal acts as, for which many of these accusation [sic] were dismissed because' of insufficient evidence.
However, no mention of the dismissed or acquitted charges was made in the “Application of Law and Arguments” section of the defendant’s sentencing memorandum.
At the outset of the disposition hearing, the district court confirmed with defense counsel that the defendant had no objections to the PSI Report. During that hearing, defense counsel did not mention the dismissed or acquitted charges at all.
Generally, a party has 14 days after receipt of a presentence report within which to object in writing to, inter alia, “material information” ■ contained in that report. Fed.R.Crim.P. 32(f)(1). A failure to object constitutes a waiver of any objection to such information. See United States v. Serrano-Mercado, 784 F.3d 838, 846, 847 (1st Cir.2015); United States v. *570 Turbides-Leonardo, 468 F.3d 34, 37 (1st Cir.2006). Such a waiver occurred here.
Nor did the passing reference to the charges in the background section of the sentencing memorandum cure this omission. That reference, particularly when not followed up by some corresponding reference in the argument section of the memorandum, did nothing to call to the sentencing court’s attention that the defendant objected to any consideration of those parts of his arrest record that had not ripened into convictions. We conclude, therefore, that the defendant’s argument is unpreserved and engenders plain error review.[3]
We turn to that review. .The defendant bases his claim of error on the Supreme Court’s opinion in United States v. Watts, 619 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam). In that case, the Court concluded that, when imposing an offense-level enhancement, a sentencing court may consider acquitted conduct only if that conduct is proven by a preponderance of the evidence.[4] See id, at 153, 157, 117 S.Ct. 633.
Here, however, the sentencing court did not use dismissed or acquitted conduct to construct an offense-level enhancement. Instead, the court referred to the defendant’s prolific arrest record, which was laid out in’ the PSI Report and not contested by the defendant, solely for the purpose of determining at what point within the GSR the defendant’s sentence should be set.,
Admittedly, it is not unreasonable to read Watts as an indication that -the Supreme Court .might well hold that a sentencing court may not accord any significance to a record of multiple arrests and charges without convictions unless there is adequate proof of the conduct upon which the arrests or charges were predicated. Nevertheless, our own precedent contains dicta, repeated several times, positing that a series of arrests “might legitimately suggest a pattern of unlawful behavior even in the absence .of any convictions.” United States v. Lozada-Aponte, 689 F.3d 791, 792 (1st Cir.2012) (quoting United States v. Zapete-Garcia, 447 F.3d 57, 61 (1st Cir.2006) (internal quotation marks omitted)); accord United States v. Ocasio-Cancel, 727 F.3d 85, 91-92 (1st Cir.2013). Today, we caution district courts against placing, weight on such speculation. But in the absence of such a prior warning, we cannot see how the sentencing , court in this case plainly erred.
The defendant’s next claim of error insists that the district court abused its discretion by not adequately considering the factors set forth in 18 U.S.C. § 3553(a). Our review of this claim is for abuse of discretion. See Gall, 552 U.S. at 51, 128 S.Ct. 586.
The' defendant’s' claim centers on his assertion that the district court failed to consider not only that he had already served time for a matter incident to the offense of conviction but also that he had been rehabilitated. But these potentially mitigating factors were before the district *571 court at sentencing; indeed, they were vigorously pressed by defense counsel. There is not the slightest reason to think that the district court overlooked them,[5]
No more is needed to defeat this claim of error. Even though a sentencing court is charged with a duty to “consider all relevant section 3553(a) factors, it need not do so mechanically.” Clogston, 662 F.3d at 592 (internal quotation marks omitted). While the court below did not squarely address the two factors cited by the defendant, we have warned against “read[ing] too much into -a district court’s failure to respond explicitly to particular sentencing arguments.” Id. This court -has not required sentencing courts to walk, line by line, through the section 3553(a) factors. See United States v. Dixon, 449 F.3d 194, 205 (1st Cir.2006) (explaining that a sentencing court need not “address [the section 3553(a) ] factors, one by one, in some sort of rote incantation when explicating its sentencing decision”). We have no occasion to impose such a requirement today. Thus, we discern no abuse of discretion in the sentencing court’s failure to acknowledge explicitly that it had mulled the defendant’s arguments.
The defendant’s last procedural claim implicates 18 U.S.C. § 3553(c). This statute provides in pertinent part that the court “at the time of sentencing, shall state in open court thé reasons for its imposition of the particular sentence” and, if the GSR spans more than 24 months, shall also state “the reason for imposing a sentence at a particular point within the range.” 18 U.S.C. § 3553(c). The defendant says that the sentencing court did not adequately comply with these strictures and that, therefore, his sentence must be vacated.
The defendant’s' premise is sound: the sentencing court’s explanation of its reason for choosing a top-of-the-range sentence of 168 months is recondite at best. But the conclusion that the defendant seeks to draw from this premise is unfounded. The defendant did not raise this objection below, and we have held that a district court’s failure to provide an adequate explanation of a sentence, without more, is not sufficient to constitute plain error. See United States v. Medina-Villegas, 700 F.3d 580, 583 (1st Cir.2012).
Here, there is no “more”: the district court’s rationale is readily apparent from the sentencing transcript. The court made no bones about its belief that the defendant’s criminal history score underrepresented his culpability because of his pattern of arrests and the persistent lack of follQW-up with respect to the charges that were initially preferred against him. It could well have believed that such items, even absent facts about the underlying conduct, spoke directly to the character of the individual, the risk of recidivism, and the néed to protect the public from future crimes. See United States v. Rivera Calderón, 578 F.3d 78, 104-05 (1st Cir.2009).
Transparency at sentencing is important, and we do not readily condone a district court’s failure’ to comply with the obligations imposed by section 3553(c). But neither do we condone a defendant’s failure to; object in a seasonable manner and call such to oversight to the sentencing court’s attention in time to correct it at the disposition hearing. The failure to voice a contemporaneous objection con *572 strains our review to plain error, and we find no plain error here. There is simply no reason to believe that if the district court had effected a more literal compliance with section 3553(c), it would have handed down a milder sentence.. See Medina-Villegas, 700 F.3d at 584; United States v. Mangual-Garcia, 505 F.3d 1, 16 (1st Cir.2007); see also Turbides-Leonardo, 468 F.3d at 39 (explaining . that an appellant hoping to prevail on plain error review must show “a reasonable probability that, but for the error claimed, the result of the proceeding would have been different” (internal quotation marks and alterations omitted)).
The defendant’s final claim of error embodies a challenge, raised for the first time on appeal, to the substantive reasonableness of his sentence. We recently have explained that, in such circumstances, the appropriate standard of appellate review is uncertain. See United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir.2015); United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir.), cert. denied, — U.S. —, 136 S.Ct. 258, 193 L.Ed.2d 191 (2015). We need not resolve that uncertainty today: even assuming, favorably to the defendant, that his claim of substantive unreasonableness is renewable for abuse of discretion, it nonetheless fails.
We start with first principles. When evaluating the substantive reasonableness of a sentence under the abuse of discretion rubric, an inquiring court must take into account the totality of the circumstances. See Martin, 520 F.3d at 92. A principal goal of sentencing is to fashion a sentence that is “sufficient, but not greater than necessary.” United States v. Carrasco-de-Jesús, 589 F.3d 22, 29 (1st Cir.2009) (quoting 18 U.S.C. § 3553(a)). In determining whether a sentencing court has achieved this goal, we assess the plausibility of the sentencing court’s rationale and the appropriateness of the sentence itself. See id. at 30.
Challenging a sentence as substantively unreasonable is 'a heavy lift. That lift grows even heavier where, as here, the sentence falls within k properly calculated GSR. See Clogston, 662 F.3d at 592-93; see also United States v. Jiménez-Beltre, 440 F.3d 514, 518 (1st Cir.2006) (en banc) (explaining importance of advisory guidelines in the sentencing calculus). Indeed, a reviewing court may apply “a presumption of reasonableness” to a within-the-range sentence. Rita v. United States, 551 U.S. 338, 347, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). At a bare minimum, a defendant “must adduce fairly powerful mitigating reasons and persuade us that the district court was unreasonable in balancing pros and cons.” Clogston, 662 F.3d at 593 (internal quotation mark omitted). - -
In the case at hand, the defendant, asseverates that his sentence is substantively unreasonable on two fronts. He first submits that he deserves a more lenient sentence because of his rehabilitation.[6] Second, he complains that he already has served a sentence in a Puerto Rico prison for a 2004 drug crime—a crime that he says is incident to the charged conspiracy.
The charge of substantive unreasonableness is futile. The offense of conviction is serious: the defendant served as an enforcer for a thriving conspiracy that sold drugs in a protected area. The defendant’s criminal history is bleak. And though his efforts at rehabilitation are *573 laudable, the district court is in the best position to weigh the credibility of a claim of rehabilitation and to balance the sentencing scales in light of such a claim. See Gall, 552 U.S. at 51-52, 128 S.Ct. 586.
So, too, the defendant’s suggestion that the sentence imposed punishes him twice for the same criminal conduct is unavailing. In support, the defendant relies on a guideline provision, USSG § 5K2.23. That provision, however, states that a downward departure may be warranted if the defendant has completed a term of imprisonment for a crime incident to the offense of conviction and that crime “was the basis for an increase in the offense level for the instant offense.” United States v. Kornegay, 410 F.3d 89, 99 (1st Cir.2005) (emphasis omitted). Here, however, the Puerto Rico drug-trafficking conviction identified by the defendant was hot assigned any criminal history points in the calculation of his CHC. Thus, that conviction did not serve to increase his offense level, 'and section 5K2.23 does not apply.
To say more would be to paint the lily. Here, the sentencing court offered a plausible rationale for the sentence imposed, and that within-the-range sentence represents a defensible outcome. Having in mind the totality of the circumstances, we conclude that the district court did not abuse its considerable discretion in sentencing the defendant at the top of — but within — the GSR. In other words, the sentence was sufficient but not greater than necessary to achieve the legitimate goals of sentencing.
The fact that the parties jointly agreed to recommend a lower (downwardly variant) sentence does not alter this conclusion. In the absence of exceptional circumstances (such as the applicability of a statutory mandatory minimum sentence), the starting point for a court’s sentencing determination is the guideline range, not the parties’ recommendations. Thus, we have consistently refused to accord any decretory significance to such non-binding recommendations — or even to require a sentencing cóurt to explain why it decided to eschew those recommendations. See Vargas-García, 794 F.3d at 167; United States v. Vegar-Salgado, 769 F.3d 100, 104 (1st Cir.2014); see also Carrasco-de-Jesús, 589 F.3d at 29.
We need go no further.[7] For the reasons elucidated above, the sentence is

Affirmed.

. The panel issued an. opinion in this case on January 6, 2016, but that opinion was subsequently withdrawn. This opinion replaces the withdrawn opinion.

. The record reflects that the probation office had sought further information about each of these charges, but. none was forthcoming.

. While our dissenting brother cavalierly pro claims that the argument made on appeal was “implicit in [the defendant’s] contentions” at sentencing, post at 574, a finding to that effect would render normal principles of waiver meaningless.

. The two Seventh Circuit cases relied on by ■ the defendant—United States v. Short, 4 F.3d 475 (7th Cir.1993) and United States v. Ruffin, 997 F.2d 343 (7th Cir.1993)—add nothing to the defendant's argument.' Though predating Watts, these cases are in the same general posture and adumbrate the holding in Watts. See Short, 4 F.3d at 479; Ruffin, 997 F.2d at 345.

. This is especially so because the sentence imposed was within the GSR. As the Supreme Court has explained, the guideline range itself bears a direct relation to the compendium of considerations listed in section 3553(a) and, fluís, a within-the-range sentence "likely reflects the section 3553(a) factors." Rita v. United States, 551 U.S. 338, 355, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

. In support, he notes that he has finished his high-school degree, completed various workshops, maintained a record of steady employment, and secured a promise of re-employment upon release from incarceration.

. Much of what our dissenting brother has written, including his' attempt to find solace in the Supreme Court's recent decision in Molina-Martinez v. United States, — U.S. —, 136 S.Ct. 1338, 194 L.Ed.2d 444 (2016), has no bearing on the issues that are fairly presented by this appeal. For prudential reasons, we elect not to respond to these extraneous comments.