# United States Court of Appeals
## For the First Circuit

No. 15-1070

UNITED STATES OF AMERICA,

Appellee,

v.

AURELIO J. LLANOS-FALERO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

José R. Olmo-Rodríguez on brief for appellant.
Mainon A. Schwartz, Assistant United States Attorney,
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States
Attorney, on brief for appellee.

January 30, 2017

**LYNCH**, **Circuit Judge**.  The district court sentenced Aurelio Llanos-Falero to 137 months of imprisonment after he pled guilty to bank robbery, see 18 U.S.C. §§ 2113(a), 2113(d), and 2, and to brandishing a firearm during and in relation to a crime of violence, see id. §§ 924(c)(1)(A)(ii), and 2.  The district court ordered that this sentence run consecutively with Llanos-Falero's sentences for Puerto Rico law convictions for domestic assault and illegal possession of a submachine gun.  Llanos-Falero appeals the district court's sentence, arguing that the sentencing judge failed to make the proper inquiry into the effects of Llanos-Falero's medication on his competence to enter a plea, that the sentencing judge failed to warn Llanos-Falero before accepting his plea that his federal sentence might be imposed consecutively with his Puerto Rico sentences, and that the consecutively imposed federal sentence is unreasonable.  We affirm the sentence.

I.

In June 2011, while serving a four-year probation sentence for a robbery, Llanos-Falero conspired with at least two associates to rob a Banco Santander de Puerto Rico branch in Cabo Rojo, Puerto Rico.  As admitted in his plea agreement, he "selected the branch, conducted surveillance on the bank, planned the method of the robbery, including the use and carrying of a firearm in the

- 2 -

presence of customers and employees, as well as the entry and egress points to and from the bank."

On June 24, 2011, an associate of Llanos-Falero drew police away from the vicinity of the bank with a bogus 911 call while Llanos-Falero drove two other associates to the bank. The two associates entered the bank, one of them took out a loaded 12-gauge shotgun, and they ordered those inside the bank to the floor. They stole approximately $38,813 of deposits insured by the Federal Deposit Insurance Corporation. Because one of the bank employees was able to activate the bank's silent alarm, the two associates were arrested about ten minutes after the start of the robbery. Initially, they did not disclose Llanos-Falero's participation in the robbery. As a result, Llanos-Falero was not arrested at that time in connection with the robbery.

After the robbery and before being charged with federal crimes for his participation in it, Llanos-Falero committed a number of other offenses. In October 2012, he was sentenced by a Puerto Rico court to 1 year and 9 months of imprisonment for two counts of domestic violence. In 2013, he pled guilty to charges stemming from illegal possession of a submachine gun in 2012 and was sentenced by a Puerto Rico court to a further 7 years of incarceration.

Llanos-Falero was indicted for federal crimes related to the bank robbery in April 2014, while serving his Puerto Rico law

sentences.[1] The indictment charged three counts: an aiding and abetting violation of armed robbery, see 18 U.S.C. §§ 2113(a), 2113(d), and 2 (Count One); an aiding and abetting violation of brandishing a firearm during and in relation to a crime of violence, see id. §§ 924(c)(1)(A)(ii), and 2 (Count Two); and being a felon in knowing possession of a firearm in interstate commerce, see id. §§ 922(g)(1), 924(a)(2) (Count Three).

Pursuant to a plea agreement, Llanos-Falero pled guilty to the first two counts on July 3, 2014. The parties recommended, "[a]fter due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a)," an adjusted advisory Sentencing Guidelines offense level of 22 for Count One, and did not stipulate as to criminal history category. A Pre-Sentence Investigation Report, prepared for Llanos-Falero's sentencing, concluded that Llanos-Falero had 11 criminal history points and a criminal history category of V. The plea agreement recommended "a sentence of 72 months as to Count One and 60 months for Count Two to be served consecutively for a total sentence of 132 months, or 11 years of imprisonment." The plea agreement further stated that "[t]he parties jointly recommend[ed], as to Count One, that this federal

---

[1] It is unclear how or when authorities became aware of Llanos-Falero's role in the robbery. Llanos-Falero did admit his involvement one day after he was indicted.

sentence be imposed to run concurrently with defendant's Commonwealth of Puerto Rico sentence currently being served."

Through the plea agreement, Llanos-Falero "knowingly and voluntarily waive[d] the right to appeal the judgment and sentence in [his federal] case, provided that [he was] sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provision of [the] Plea Agreement." He further acknowledged that he was "aware that his sentence [wa]s within the sound discretion of the judge and of the advisory nature of the Guidelines"; that "the [district court] [wa]s not a party to this Plea and Forfeiture Agreement and thus [wa]s not bound by this agreement or the sentencing calculations and recommendations contained"; that "the [district court] ha[d] jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which [he] [wa]s pleading guilty"; that "the [district court] m[ight] accept or reject the Plea and Forfeiture Agreement"; and that "[s]hould the Court impose a sentence up to the maximum established by statute, [he] c[ould not], for that reason alone, withdraw his guilty plea, and w[ould] remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement."

On July 3, 2014, the district court held a change-of-plea hearing. In the course of the hearing, the sentencing judge asked if Llanos-Falero had been recently treated for a mental

- 5 -

illness. Llanos-Falero responded that he had been treated for bipolar disorder and stress. In response to the sentencing judge's questions, Llanos-Falero also said that he had been prescribed "Elavil, Vistaril, and another" medication, that he continued to take those medications twice a day, and that he had taken them the morning of the hearing. When asked "Do you feel okay today?" by the sentencing judge, immediately after that colloquy, Llanos-Falero responded "Yes, I do, sir." The sentencing judge asked next "Can you make a voluntary and knowing plea?" to which Llanos-Falero replied "Yes, I can, sir."

In response to further questioning, Llanos-Falero said that he had been treated for addiction to marijuana and Percocet, but had stopped treatment around two and a half months before the hearing, and that he had last used marijuana or Percocet approximately two years prior. He confirmed that he was taking no other medications besides the ones he had already mentioned and that he had not consumed alcohol in the past 24 hours. When asked "what is it that you want to do today here in court?" Llanos-Falero responded "I want to plead guilty." The sentencing judge asked Llanos-Falero's counsel if he had any doubts as to Llanos-Falero's "competence to plead at this time," to which counsel responded "No, your honor." The sentencing judge concluded that "[b]ased on his answers to my questions and his appropriate

demeanor, I find . . . Aurelio Llanos-Falero to be competent to enter his plea of guilty."

The sentencing judge also asked if Llanos-Falero's counsel had "fully explain[ed] the plea agreement" to Llanos-Falero and whether counsel was satisfied as to Llanos-Falero's understanding of the plea agreement, and counsel responded that he had explained the plea agreement and that he was satisfied as to Llanos-Falero's understanding of it. The sentencing judge asked Llanos-Falero repeatedly whether he understood that the judge could enter a sentence "that is either more severe or less severe than any sentence you may anticipate, or even the sentence being recommended in the plea agreement, except that, as to Count Two, I cannot sentence you for anything less than [60] months." Llanos-Falero responded that he did understand. The sentencing judge concluded:

It's the finding of the Court in the case of the United States versus Aurelio Llanos-Falero that Mr. Llanos is fully competent and capable of entering an informed plea, that he is aware of the nature of the charges and the consequences of the plea, and that his plea of guilty is a knowing and voluntary one, supported by an independent basis in fact containing each of the essential elements of the offense.

Mr. Llanos' plea is, therefore, accepted, and he is now adjudged guilty of that offense.

After submission of the Pre-Sentence Investigation Report, the court delivered Llanos-Falero's sentence on December 2, 2014. The sentencing judge noted that "[t]he parties had agreed

- 7 -

on a sentence of 72 months as to Count One and 60 months as to Count Two, for a total of 132 months of imprisonment, which f[ell] below the [G]uideline[s] range reflected in the [P]re-[S]entence [I]nvestigation [R]eport." The court concluded that "an appropriate sentence [wa]s at the lower end of the [G]uideline[s] range for Count One, plus 60 months for Count Two." The court sentenced Llanos-Falero to "a term of 77 months as to Count One and 60 months as to Count Two, to be served consecutive to each other, for a total of 137 months." The sentencing judge further ordered that "[t]he total amount of imprisonment w[ould] run consecutively to any prior criminal conviction imposed by [Puerto Rico]." The court also sentenced Llanos-Falero to two concurrent five-year terms of supervised release. When the court asked Llanos-Falero's counsel whether he had anything to add, counsel stated: "Mr. Llanos is being sentenced to a little more than four years [more] than his co-Defendants, [at least one of whom] also planned the robbery with him. . . . In addition, he [would] not be standing before this Court if he had not admitted [his guilt] because that was the main evidence." When the sentencing judge observed "This is something that you agreed to," counsel replied "I am just asking for a concurrency with Count One with the [Puerto Rico] charges." The court denied the request. This appeal followed.

Llanos-Falero raises three issues on appeal.[2] He argues that the district court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to inquire sufficiently into the effect of Llanos-Falero's medication on his capacity to make an intelligent and voluntary plea. See Fed. R. Crim. P. 11. He further argues that the sentencing court committed a Rule 11 violation by failing to "warn[] or advise[] [him] that it had discretion to impose the sentence to run concurrently or consecutively." Finally, he argues that the sentence imposed is unreasonable because of its difference in duration from the sentence proposed in the plea agreement and the district court's failure to take into account Llanos-Falero's admission of guilt and the effect of depression on his actions. All three claims fail. We address them in turn.

---

[2] The government argues that we could dismiss this appeal because Llanos-Falero "fails to explain why this appeal should be entertained, given the existence of a waiver-of-appeal clause in the plea agreement he signed." The government does concede, however, that if Llanos-Falero had addressed the issue, he could have made a reasonable argument that the waiver clause is inapplicable, because it was contingent on his being sentenced in accordance with the plea agreement, and the sentence imposed departed from that recommendation. Llanos-Falero argues in turn that he did not address the appellate waiver clause "because it is patently inapplicable" in light of the sentence imposed, and so he had no obligation to discuss it. We need not resolve this dispute. Because the issues Llanos-Falero raises on appeal all fail, we bypass the appellate-waiver issue and proceed to the merits.

The parties agree that we should review Llanos-Falero's claim as to the district court's failure to inquire sufficiently into his medications under a plain error standard. Under this standard, Llanos-Falero must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Padilla, 415 F.3d 211, 218 (1st Cir. 2005) (en banc) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)). He cannot meet this rigorous standard. First, Llanos-Falero makes little "attempt to meet the four-part test" for plain error, and his sparse briefing risks waiver of the issue. United States v. Pabon, 819 F.3d 26, 33 (1st Cir. 2016); see also United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). But even if the claim were properly presented, it would fail.

Llanos-Falero relies on United States v. Parra-Ibañez, 936 F.2d 588 (1st Cir. 1991). In that case, during a change-of-plea hearing, the district court discovered through questioning that the defendant had been under treatment for a "mental or emotional condition" and had taken Ativan, Halcion, and Restoril within 24 hours of the hearing. Id. at 591. There, "[t]he [district] court did not undertake to explore whether any of the medications identified by [the defendant] affected his ability to enter a voluntary and intelligent plea," id., although "at other

- 10 -

points in the hearing, [the district court did] inquire as to [the defendant's] general ability to comprehend the proceedings," including asking the defendant's counsel and the prosecution whether they had any doubts as to the defendant's competence to plead, id. at 591–92. Earlier, the court had held a competency hearing and determined on the basis of psychiatric testimony that although the defendant "had undergone psychiatric treatment and had a history of drug abuse," he was competent to plead guilty. Id. at 591.

We held that although the appellant had made no objection, id. at 593, the district court had been "obligated by Rule 11 to ask further questions," such as "what dosages [of medication the defendant] had ingested and what effects, if any, such medications might be likely to have on [the defendant's] clear-headedness," id. at 596. We have clarified since that the reversible error in Parra-Ibañez concerned the failure to make any further inquiry whatsoever. See United States v. Kenney, 756 F.3d 36, 46–47 (1st Cir. 2014); Cody v. United States, 249 F.3d 47, 53 (1st Cir. 2001) (emphasizing that the sentencing judge in Parra-Ibañez "failed to follow up with any question whatsoever about whether the defendant's medication affected his competence to plead"); Miranda-González v. United States, 181 F.3d 164, 166 (1st Cir. 1999) ("The absolute failure to investigate further once

- 11 -

apprised of the recent ingestion of drugs doomed the plea entered by the defendant[] in Parra-Ibañez . . . .").

Here, the district court's colloquy with Llanos-Falero was enough to satisfy Parra-Ibañez. The district court, upon learning that Llanos-Falero was under medication taken twice daily and that he had taken dosages that morning, immediately asked "Do you feel okay today?" to which Llanos-Falero answered "Yes, I do, sir"; and "Can you make a voluntary and knowing plea?" to which Llanos-Falero responded "Yes, I can, sir." The colloquy reads naturally as an inquiry into whether the medications Llanos-Falero had taken before the hearing impaired his ability to plead. In addition, after receiving assurances from Llanos-Falero's attorney that the attorney had no doubts as to Llanos-Falero's competence to plead, the sentencing judge concluded that Llanos-Falero was competent "[b]ased on his answers to my question and his appropriate demeanor."

We have held that similar questions, combined with explicit findings as to the defendant's demeanor, meet the standards of Rule 11. See United States v. Morrisette, 429 F.3d 318, 322-23 (1st Cir. 2005); see also United States v. Rodríguez-León, 402 F.3d 17, 25 n.8 (1st Cir. 2005) (refusing to "second-guess" district court's judgment based on defendant's demeanor).[3]

---

[3] The fact that the district court did not inquire as to the identity of the third medication does not change our result:

Indeed, it is difficult to imagine plain error where, as here, the district court, upon learning that the defendant had taken medication, immediately (1) asked the defendant if he was all right and received a response that he was; (2) received further assurances from defendant's counsel -- ironically, the same attorney who now raises this issue on appeal -- as to the defendant's competence to plead; and then (3) articulated a conclusion that the defendant was competent based on those responses and the defendant's demeanor during the colloquy. The colloquy here clearly met Rule 11's requirements.

The parties also agree that Llanos-Falero's claim that the district court violated Rule 11 by not sufficiently informing him of the consequences of his pleading guilty is subject to plain error review. Specifically, Llanos-Falero contends that "[t]he failure of the district court to warn, or advise, Llanos-Falero that it had discretion to impose the sentence to run concurrently or consecutively denied him the opportunity to make a knowing and voluntary plea of guilt." As with his first claim, Llanos-Falero's failure to elaborate clearly how this purported lapse by the district court meets the four-part test for plain error risks waiver. See Pabon, 819 F.3d at 33. Regardless, the claim fails.

---

"[T]here is certainly no settled rule that a hearing cannot proceed unless precise names and quantities of drugs have been identified." United States v. Savinon-Acosta, 232 F.3d 265, 269 (1st Cir. 2000); see also Kenney, 756 F.3d at 47 (same).

Rule 11 requires the sentencing court to "advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request." Fed. R. Crim. P. 11(c)(3)(B). The district court made that advisement and Llanos-Falero said that he understood it. Moreover, Llanos-Falero's plea agreement also explained that concept and required Llanos-Falero to acknowledge that even if the district court sentenced him to the statutory maximums for Counts One and Two (twenty-five years and life imprisonment, respectively), he could not withdraw a guilty plea "for that reason alone." Given the information in the plea agreement and the disclaimers made by the district court at the change of plea hearing, both of which Llanos-Falero acknowledged, Llanos-Falero cannot show "a reasonable probability that, but for [the error claimed], the result . . . would have been different." Padilla, 415 F.3d at 221 (first alteration in original) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004)).

Finally, Llanos-Falero challenges the sentence imposed on the grounds that it is unreasonably longer than the sentence proposed by the plea agreement and that it did not take into account Llanos-Falero's admission of guilt or his assertion that he was severely depressed when he participated in the robbery. The parties dispute the applicable standard of review, but we need not decide that issue, because Llanos-Falero's claim fails even

- 14 -

under abuse of discretion review, which is the most appellant-friendly standard that could apply.

The district court permissibly exercised its discretion when it ordered Llanos-Falero's federal sentence to run consecutively with his Puerto Rico sentences, resulting in a sentence eight years longer than the one proposed in the plea agreement. Both the Guidelines and our case law recognize that a sentencing judge generally has the discretion to impose a new sentence consecutively with a previous undischarged sentence. See U.S.S.G. § 5G1.3(d); United States v. Carrasco-de-Jesús, 589 F.3d 22, 27 (1st Cir. 2009).

The district court imposed a sentence "at the lower end of the [G]uideline[s] range for Count One, plus [the mandatory minimum of] 60 months for Count Two," to be served consecutively with Llanos-Falero's Puerto Rico sentences. There is no evidence in the record that Llanos-Falero's Puerto Rico convictions for possession of a submachine gun and for domestic violence have any relation to his federal convictions related to the bank robbery, nor does Llanos-Falero suggest any connection. At the final sentencing hearing, the district court gave a lengthy recitation of the details of the offenses, the findings in the Pre-Sentence Investigation Report, and the rationale behind the Guidelines calculation for Llanos-Falero's sentence, and concluded that the Guidelines calculation in the Pre-Sentence Investigation Report

"satisfactorily reflect[ed] the components of Mr. Llanos' offense by considering its nature and circumstances," an inquiry that plainly fulfilled its obligation to consider the factors enumerated in 18 U.S.C. § 3553(a). The district court's decision to impose the sentence consecutively with Llanos-Falero's Puerto Rico sentences was arrived at through the proper procedure, was entirely reasonable, and was clearly not an abuse of discretion.

Llanos-Falero's argument that the district court committed reversible error because it "did not take into account the fact that if [he] had not admitted [to] the crime, he would have never been convicted and the fact that the crime was [the] result of aberrant behavior caused by a severe depression" is meritless. As with his other arguments, this claim is conclusory and underdeveloped: Llanos-Falero gives no explanation as to why and how these factors would have affected the district court's calculus. And the record undercuts the claim. Llanos-Falero made a partial confession shortly after being indicted, and he agreed in his plea agreement that the government could obtain a conviction "by physical and documentary evidence, including, but not limited to testimony, photographs, videos, documents, toll records, statements, and other physical evidence."

In any event, "these potentially mitigating factors were before the district court at sentencing," and "[t]here is not the slightest reason to think that the district court overlooked them."

- 16 -

United States v. Cortés-Medina, 819 F.3d 566, 570-71 (1st Cir. 2016).  The sentence imposed was well within the Guidelines range and deserves "a presumption of reasonableness."  Id. at 572 (quoting Rita v. United States, 551 U.S. 338, 347 (2007)).  In these circumstances, Llanos-Falero "must adduce fairly powerful mitigating reasons and persuade us that the district court was unreasonable in balancing pros and cons."  Id. (quoting United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011)).  He has not satisfied this burden.

III.

We affirm the district court's sentence.