# United States Court of Appeals
## For the First Circuit

No. 16-1166

UNITED STATES OF AMERICA,

Appellee,

v.

EFRAÍN PAGÁN-WALKER,

Defendant, Appellant.

Before

Torruella, Lynch, and Lipez,
Circuit Judges.

**JUDGMENT**

Entered: August 11, 2017

Defendant-appellant Efraín Pagán-Walker ("Pagán") entered into a written plea agreement for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), after a lawful police search discovered a gun and ammunition in his home: a .40-caliber Glock pistol that was loaded with 20 rounds in a high-capacity magazine and had been modified to fire in an automatic mode, another high-capacity magazine loaded with 22 rounds, and three regular magazines loaded with 13 rounds each. Pagan was charged with illegal possession of a machine gun, 18 U.S.C. § 922(o); he only pled guilty to possession of a firearm. Pursuant to the plea agreement, the parties stipulated that the government would recommend a sentence at the middle of the applicable guideline range but that Pagán could request a sentence at the low end of the range. Both parties and the Probation Department agreed that Pagán's Total Offense Level ("TOL") was 17, with an applicable guideline range of 30 to 37 months. At the sentencing hearing, the district court nevertheless imposed a 60-month sentence, varying from the applicable guidelines range. This appeal ensued.

Although Pagán's plea agreement contains an appeal waiver, we agree with the parties that

it is a dead letter when, as here, the waiver was conditional upon sentencing within the parties' recommendations.   United States v. Cortés-Medina, 819 F.3d 566, 568-69 (1st Cir. 2016).

Pagán now challenges both the procedural and substantive reasonableness of his sentence. In summary, he argues that:   the district court committed procedural errors by (1) failing to provide a written statement of reasons; (2) failing to take his history and characteristics into account; and (3) giving undue weight to the need of general deterrence and impermissibly speculating on his criminal motive.   None of them persuade us.

We will take it that Pagán timely objected to the alleged procedural errors.   For preserved procedural challenges, we review for abuse of discretion.   Cortés-Medina, 819 F.3d at 569.   In doing so, we also review the sentencing court's factfinding for clear error.   Id.

Pagán alleges that it was procedural error for the district court not to provide a statement of reasons, though in this case there was a statement of reasons provided by the district court but Pagán was not aware of this because it was not docketed.   See United States v. Millán-Isaac, 749 F.3d 57, 68-69 (1st Cir. 2014).   .   We need not determine what effect, if any, the court's failure to docket it would have because "remand is necessary 'only if the sentence was imposed as a result' of the error."   United States v. Vázquez-Martínez, 812 F.3d 18, 25 (1st Cir. 2016) (quoting United States v. Tavares, 705 F.3d 4, 25 (1st Cir. 2013)).   That is not the case here.   Furthermore, we do not see how the sentence imposed was "a result" of the error given that the written form contains identical reasons provided by the district court judge during the sentencing hearing.   Vázquez-Martínez, 812 F.3d at 25 ("Given our review of the district court's oral explanation, we believe that the district court would have imposed the same sentence had it filed a written statement of reasons form."); see also United States v. Pedroza-Orengo, 817 F.3d 829, 837 (1st Cir. 2016) (finding the failure to submit a written statement of reasons harmless because of "the district court's comprehensive explanation of reasons in open court").   Therefore, we decline to remand for resentencing simply because the district court failed to docket its written statement of reasons.

Pagán also alleges that the district court failed to take his personal history and characteristics into account and neglected to consider § 3553(a) factors.   United States v. Pulido, 566 F.3d 52, 63 (1st Cir. 2009).   Pagan's argument muddies the line between challenges of procedural reasonableness and substantive reasonableness.   Per Pagán, the district court neglected to consider § 3553(a) because it rejected these mitigating facts and "overwhelmingly focused on the nature of the firearm and ammunition found."   However, this argument disproves his theory because it would mean that the district court was anything but neglectful of § 3553(a) factors.   Rather, the district court considered and rejected the mitigating factors before turning to the nature of the offense.

Pagán also alleges that the district court judge rejected mitigating facts for improper reasons, for example, by discounting Pagán's back-breaking work in a tire shop by stating that "even a woman can do this."   Though we are not condoning these inappropriate remarks, they were made during a discussion about whether Pagán's prior work experience was sufficient to reduce his sentence.   Pagán's argument was that the work was proof that he was not involved in criminal activity.   The district court considered and rejected this argument.   Thus, we cannot

find that the district court failed to consider mitigating factors.

Pagán also argues that the district court relied unduly on the need for general deterrence in Puerto Rico and impermissibly speculated on his criminal intent in possessing the firearms. However, the need for general deterrence is a permissible factor to consider and the sentencing court does not abuse its discretion if it is also attentive to case-specific factors.  18 U.S.C. § 3553(a)(2)(B); United States v. Bermúdez-Meléndez, 827 F.3d 160, 166 (1st Cir. 2016) (permissible to consider violent crime rate in Puerto Rico as the court remained attentive to the particulars of the case).  In fact, the sentencing judge stressed numerous times the specific circumstances of this case.  Furthermore, the sentencing judge's reference to Pagán's potential criminal motivation in possessing the firearms was in response to Pagán's assertion that with respect to his own criminal background "firearms can be reasonably argued it is a vestige of the past." The sentencing judge need not accept Pagán's speculation about his benign motive, nor can we say that the court's finding of potential criminal motive is clearly erroneous.  United States v. García, 34 F.3d 6, 10 (1st Cir. 1994) ("The district court's finding of intent is a factual finding which we review for clear error . . . . Where the undisputed facts support more than one plausible inference, the sentencing court's choice among supportable alternatives cannot be clearly erroneous.").

Besides his procedural challenges, Pagán also argues that his sentence is substantively unreasonable because nothing in the record distinguishes this case from an ordinary one contemplated by the sentencing guidelines and that the need for general deterrence and the community conditions in Puerto Rico alone cannot support an upward variance.  For preserved challenges to a sentence's substantive reasonableness, we review for abuse of discretion.  Cortés-Medina, 819 F.3d at 569.  The standard of review for unpreserved substantive challenges is "murky," United States v. Pérez, 819 F.3d 541, 547 (1st Cir. 2016), but we remain unpersuaded even under the more lenient abuse-of-discretion standard.

The sentencing judge did not think this case was an ordinary one contemplated by the sentencing guidelines, and we find no abuse of discretion in his conclusion.  The sentencing judge emphasized multiple times the specific facts of this case, such as the chipped and loaded pistol that could fire like a machine gun, the high-capacity magazines, and 72 rounds of ammunition.  The sentencing judge further commented that Pagán's fire power was greater than all the marshals in the courtroom combined and called Pagán's collection a "mini-arsenal."  It is true that the sentencing judge gave less weight to Pagán's mitigating factors than the need for general deterrence and his likely intent to commit a more severe crime, but the sentencing court gave reasoned arguments for the sentence it imposed.  It outlined the rationale, its treatment of the mitigating factors, and even engaged in a criminology debate with the defense counsel over the effectiveness of incarceration.[1]  See United States v. Fernández-Cabrera, 625 F.3d 48, 53 (1st Cir. 2010)

---

[1]  Pagán also argues that the sentencing judge's basis for dismissing his work experience in tire shop—tire shops are mechanized and require no heavy labor—is unfounded.  We decline his invitation to this fact-based debate because even if the sentencing judge had it wrong under the clear error standard, he explained that working in a physically-exerting condition is also not incompatible with an intent to commit a severe crime.

("While the court ordinarily should identify the main factors upon which it relies, its statement need not be lengthy . . . nor need it dissect every factor made relevant by 18 U.S.C. § 3553. . . . Even silence is not necessarily fatal; 'a court's reasoning can often be inferred by comparing what was argued by the parties or contained in the presentence report with what the judge did.'" (alteration in original) (quoting United States v. Turbides-Leonardo, 468 F.3d 34, 40-41 (1st Cir. 2006))). At the end of the hearing the court briefly referred to the § 3553(a) factors and asked whether the defense counsel had anything further. Only upon being satisfied that all relevant factors had been discussed did the court impose the variant sentence. We have repeatedly held that after the district court correctly calculates the guidelines range, "sentencing becomes a judgment call," United States v. Politano, 522 F.3d 69, 73 (1st Cir. 2008) (quoting United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008)), and "[t]here is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes," United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011) (citing Martin, 520 F.3d at 92). And while Pagán's 60-month sentence is considerably longer than the 37-month sentence recommended by parties, "no extraordinary circumstances are required to justify a sentence outside the Guidelines range." Pedroza-Orengo, 817 F.3d at 837 (quoting United States v. Nelson, 793 F.3d 202, 207 (1st Cir. 2015)). Therefore, the sentence reflected a "plausible, albeit not inevitable, view of the circumstances sufficient to distinguish this case from the mine-run of cases covered by the [guidelines range]." United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir. 2014).

In sum, the district court did not commit procedural or substantive error. Pagán's sentence is therefore

**Affirmed.**

By the Court:

/s/ Margaret Carter, Clerk

cc:
Matthew A. Kamholtz
Efrain Pagan-Walker
Victor O. Acevedo-Hernandez
Mariana E. Bauza Almonte
Mainon Schwartz