# United States Court of Appeals
## For the First Circuit

No. 17-1977

UNITED STATES,

Appellee,

v.

ALETSYS CALDERÓN-LOZANO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch and Lipez, Circuit Judges,
and Katzmann,* Judge.

Davis Ramos Pagan, was on brief, for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana
E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and B. Kathryn Debrason, Assistant United
States Attorney, on brief, for appellee.

January 10, 2019

---

* Of the United States Court of International Trade, sitting
by designation.

**KATZMANN**, **Judge**.  Aletsys Calderón-Lozano ("Calderón-Lozano") received a guideline sentence of 46 months of imprisonment for conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h).  On appeal, Calderón-Lozano challenges the procedural and substantive reasonableness of his sentence.  We affirm the district court's sentence.

Between February 25 and 26, 2016, Calderón-Lozano and an undercover Homeland Security Investigations ("HSI") agent arranged a meeting to deliver money.  As agreed, Calderón-Lozano sent his associate (and co-defendant) to deliver $80,000 to the agent.  The $80,000 was then deposited into a bank account and divided between two accounts in the amount of $52,000 and $23,080 respectively.  On March 23, 2016, Calderón-Lozano arranged another money delivery with the undercover agent.  This time, Calderón-Lozano himself delivered $100,000.  The money was again deposited and divided between two bank accounts, in the amount of $59,951 and $34,067 respectively.  After his arrest, Calderón-Lozano told investigative agents that "his job in Puerto Rico is to collect money from drug sales and deliver it to people."  When Calderón-Lozano entered a straight guilty plea to the conspiracy count, his lawyer stated that the defendant was not pleading guilty to the specific unlawful activity of drug importation.  The district court, although noting that the defendant had admitted to his

involvement in the drug trafficking deliveries to agents, indicated that it would decide the issue at sentencing.

The third and final amended presentence report ("PSR") provided an imprisonment range of 87 to 108 months under the U.S. Federal Sentencing Guidelines ("Guidelines"). This calculation included a six-level enhancement for knowing or believing that the laundered funds were drug proceeds pursuant to U.S.S.G. § 2S1.1(b)(1).

In his sentencing memorandum, Calderón-Lozano discussed his difficult childhood and current familial ties. He also requested a variant sentence, stating that "[a]lthough there is no cooperation agreement in this case, the Court should consider the information [he] provided to federal agents when he was arrested." Calderón-Lozano did not object to the PSR's six-level increase for knowing or believing that the laundered funds were drug proceeds pursuant to U.S.S.G. § 2S1.1(b)(1).

At sentencing, Calderón-Lozano again argued for a variant sentence. Calderón-Lozano urged the district court to disregard his statements to HSI agents in assessing whether he knew that the money was from drug trafficking. Calderón-Lozano conceded that he told the agents that "his job in Puerto Rico is to collect money from drug sales and deliver it to people." He also conceded that he does not have a proffer letter, that the "government is legally and rightfully using" his "post-arrest,

pre-counsel statements, and that these statements are sufficient to prove the six-point enhancement." He later clarified that he was "not objecting to the fact that there is a factual basis for the six point enhancement [as] [t]here clearly is," but instead was "making an equity argument." He argued for a sentence within the total offense level ("TOL") of 17 for a guideline range of 24 to 30 months.

The United States ("the government") opposed a variance. The government argued that Calderón-Lozano failed to object to the six-level enhancement in the PSR and that the statements are post-arrest statements, not part of a cooperation agreement. Noting that "Mr. Calderón[-Lozano] was approached on numerous times to see if he wanted to sit down and cooperate, and on each occasion, he declined," the government asserted that "[t]here is simply just no authority to argue that a post-arrest statement should qualify for a variant sentence." Finally, the government argued that Calderón-Lozano's statements were not useful and "led to nothing." Accordingly, the government recommended a sentence of 46 to 57 months, within the guideline range for a TOL of 23.

Ultimately, the district court followed the guideline calculations in the PSR and calculated a TOL of 23, which included the six-level drug-trafficking enhancement. The district court found specifically that "[b]ecause Mr. Calderón[-Lozano] knew or believed that the laundered funds were the proceeds of or were

intended to promote an offense involving the manufacture, importation, or distribution of controlled substances, the offense level is increased by another six levels pursuant to sentencing guideline section 2S1.1(b)(1)." With a TOL of 23 and a criminal history category of I, the district court calculated Calderón-Lozano's guideline sentencing range to be 46 to 57 months of imprisonment. Before imposing his sentence, the district court expressly stated that it considered the relevant 18 U.S.C. § 3553(a) sentencing factors. Reiterating that the six-level enhancement applied because Calderón-Lozano's statements were merely unhelpful post-arrest statements, the district court sentenced Calderón-Lozano to a low-end guideline sentence of 46 months of imprisonment. Calderón-Lozano objected to the district court's denial of his variance request and objected to the sentence as procedurally and substantively unreasonable. This appeal ensued.

## I.

Calderón-Lozano argues that the district court abused its discretion by applying a six-level enhancement pursuant to U.S.S.G. § 2S1.1(b)(1) when it was not proven that he knew that his crime involved drug trafficking proceeds.

This Court reviews criminal sentences for abuse of discretion. United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013). "[W]here there is more than one plausible view

- 5 -

of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous." United States v. Dunston, 851 F.3d 91, 101-02 (1st Cir. 2017) (quoting United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990)). We review unpreserved challenges to guideline calculations under the more daunting plain error standard. United States v. Arsenault, 833 F.3d 24, 28 (1st Cir. 2016). Because Calderón-Lozano twice failed to object to the factual basis for the enhancement by not objecting to the PSR and at the sentencing hearing, he did not preserve his challenge to the guideline calculations, and his claim can be reviewed under the plain error standard.

In any event, the district court did not err, much less plainly err, in applying the six-level drug-trafficking proceeds enhancement pursuant to U.S.S.G. § 2S1.1(b)(1) because there was sufficient evidence that Calderón-Lozano knew that the sentencing court is entitled to rely on the uncontested facts in the PSR. United States v. González, 857 F.3d 46, 61-62 (1st Cir. 2017) (internal quotations and citations omitted). The PSR included information that Calderón-Lozano gave to the HSI agents showing he had knowledge that the laundered funds were proceeds of an offense involving narcotics. Calderón-Lozano admitted to the HSI agents "that his job in Puerto Rico . . . was to collect money from drug sales and deliver it to people that would launder the money and wire transfer it to different parts of the world." He also

"admitted that his roommate in Puerto Rico would coordinate the drug shipments from Saint Maarten, and that he was present during said coordination." He further "admitted that once the drugs came in, he was responsible for picking up the money and delivering it to associates with capacity to launder the drug proceeds." These uncontested admissions, as listed in the PSR, provided the district court ample evidence to establish by a preponderance of the evidence that Calderón-Lozano knew that the laundered funds were drug-trafficking proceeds.[1] See United States v. Dixon, 449 F.3d 194, 200-01 (1st. Cir. 2006).

## II.

Calderón-Lozano also asserts that his 46-month sentence is both procedurally and substantively unreasonable.

We review preserved claims of sentencing error for abuse of discretion. United States v. Córtes-Medina, 819 F.3d 566, 569 (1st Cir. 2016). "In reviewing a sentence, [this Court] seek[s] to ensure that it is both procedurally sound and substantively reasonable." United States v. Dávila-González, 595 F.3d 42, 47

---

[1] Calderón-Lozano's assertion that "the PSR also states that [he] made no statements as to the relation of said money with drug trafficking (PSR29)," is misleading. Paragraph 29 states that Calderón-Lozano made no such statements during his acceptance-of-responsibility interview on June 27, 2017, but does not address the interview that Calderón-Lozano conducted with HSI agents. According to PSR Paragraph 23, Calderón-Lozano's statements to HSI agents "showed his knowledge that the laundered funds were proceeds of an offense involving narcotics."

(1st Cir. 2010).  Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ."  Gall v. United States, 552 U.S. 38, 45-46 (2007).  When reviewing a sentence, we remain "mindful that deference to the trial court is a lineament of appellate review of federal criminal sentences."  United States v. Del Valle-Rodríguez, 761 F.3d 171, 176 (1st Cir. 2014).  Because Calderón-Lozano objected to the district court's denial of his variance request based on its alleged failure to consider his willingness to cooperate, he preserved this issue for appeal.  Accordingly, this claim is reviewed for abuse of discretion.  See Córtes-Medina, 819 F.3d at 569.

The district court did not abuse its discretion because it considered all relevant § 3553(a) sentencing factors, including Calderón-Lozano's alleged attempts to cooperate with the government.  Section 3553(a) requires the sentencing court to "impose a sentence sufficient, but not greater than necessary," to deter criminal conduct, protect the public from the defendant's future crimes, and meet the defendant's educational and medical needs.  The district court, however, "is not required to address [each] factor[], one by one, in some sort of rote incantation when

explicating its sentencing decision." Dixon, 449 F.3d at 205. Moreover, "[a] criminal defendant is entitled to a weighing of the section 3553(a) factors that are relevant to [his] case, not to a particular result." United States v. Carrasco-De-Jesús, 589 F.3d 22, 29 (1st Cir. 2009). In imposing the low-end guideline sentence, the district court expressly stated that it considered the "nature and circumstances" of the offense as well as "the other sentencing factors set forth in Title 18, United States Code section 3553(a)." A district court's explicit statement that it considered the § 3553(a) factors is "entitled to significant weight." United States v. Arroyo-Maldonado, 791 F.3d 193, 199 (1st Cir. 2015) (citing United States v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir. 2014)). The district court weighed those mitigating factors against Calderón-Lozano's participation in the instant offense, which was "the coordination of a $100,000 pickup, and delivery and pick up of $80,000 [of] . . . laundered funds which were proceeds of . . . distribution of narcotics." Noting Calderón-Lozano's admissions to the HSI agents, the district court found that he knew the money laundered was the proceeds of drug trafficking. Rather than viewing his post-arrest statements as mitigation, as Calderón-Lozano suggests, the district court properly factored Calderón-Lozano's admissions into his role in the offense. The district court expressly referenced its consideration of these statements during its § 3553(a) analysis.

- 9 -

The district court also considered the government's argument that although Calderón-Lozano had several opportunities to cooperate, he declined to do so, and thus declined to take advantage of a cooperation agreement.

Nor is there any evidence that the district court misunderstood its discretion to consider Calderón-Lozano's alleged cooperation. See United States v. Landrón-Class, 696 F.3d 62, 77-78 (1st Cir. 2012). Calderón-Lozano's post-arrest statements here were "vehemently argued by [both] counsel[s] and specifically acknowledged by the court immediately before it imposed sentence." United States v. Ruiz-Huertas, 792 F.3d 223, 227 (1st Cir. 2015). See also Landrón-Class, 696 F.3d at 77-78. Thus, the district court properly weighed the § 3553(a) sentencing factors and did not abuse its discretion in imposing a 46-month imprisonment sentence.

Calderón-Lozano's sentence is also substantively reasonable because the district court provided "a plausible sentencing rationale and a defensible result," United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008), considering the severity of the instant offense and that Calderón-Lozano's sentence is well below the statutory maximum of 20 years of imprisonment. Moreover, because Calderón-Lozano's sentence is at the low end of the properly calculated guideline sentencing range, it "deserves 'a presumption of reasonableness.'" United States v. Llanos-Falero,

847 F.3d 29, 36 (1st Cir. 2017), <u>cert. denied</u>, 137 S. Ct. 2229 (2017) (quoting <u>Cortés-Medina</u>, 819 F.3d at 572).  Thus, Calderón-Lozano's 46-month sentence was "not greater than necessary," § 3553(a), but rather, was "within the wide universe of reasonable sentences."  See <u>United States</u> v. <u>Rivera-Berríos</u>, 902 F.3d 20, 27 (1st Cir. 2018).

The sentence is **<u>affirmed</u>**.