# United States Court of Appeals
## For the First Circuit

Nos. 19-1379, 19-1380

UNITED STATES OF AMERICA,

Appellee,

v.

MIGUEL QUILES-LOPEZ,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]
[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Boudin and Barron,
Circuit Judges.*

Irma R. Valldejuli, on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Antonio L. Perez-Alonso, Assistant United States Attorney, on brief for appellee.

January 14, 2021

---

* While this case was submitted to a panel that included Judge Torruella, he did not participate in the issuance of the panel's opinion. The remaining two panelists therefore issued the opinion pursuant to 28 U.S.C. § 46(d).

**Boudin, <u>Circuit Judge</u>.**  This case is a consolidated appeal by Miguel Quiles-Lopez to contest two separate sentences.

The first sentence followed after Quiles-Lopez pled guilty to attempted possession of cocaine with intent to distribute.  The Sentencing Guidelines range was 135 to 168 months, and the district court sentenced him to 168 months.  Quiles-Lopez says that the sentence was unreasonably high, a claim reviewed for abuse of discretion, with factual findings of the district court being tested for clear error.  <u>United States</u> v. <u>Ayala-Vazquez</u>, 751 F.3d 1, 29 (1st Cir. 2014).

Quiles-Lopez says his sentence should have been lower to avoid unwarranted disparities in sentences imposed on defendants with similar records.  The criminal code reminds judges to avoid disparities, where possible, "among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).

During the sentencing hearing, Quiles-Lopez's counsel argued that in other cases some leaders of drug rings had been sentenced to less time than Quiles-Lopez, who was in no sense a leader.  As the district court noted, such cases are not relevant because the defendants in them pled to distributing less cocaine than Quiles; they therefore weren't "found guilty of similar

conduct" as Quiles. 18 U.S.C. § 3553(a)(6); see United States v. Escobar-Figueroa, 454 F.3d 40, 54 (1st Cir. 2006).

Quiles-Lopez also argues his sentence should be overturned because the sentencing judge impermissibly considered arrests that did not result in convictions. "[N]o weight should be given in sentencing to arrests not buttressed by convictions or independent proof of conduct." United States v. Dávila-Bonilla, 968 F.3d 1, 9 (1st Cir. 2020) (quoting United States v. Marrero-Pérez, 914 F.3d 20, 22 (1st Cir. 2019)). But "a sentencing court does not abuse its discretion merely by reciting a defendant's arrest record," which is all that happened here. United States v. Díaz-Lugo, 963 F.3d 145, 153 (1st Cir. 2020).

The judge made a single reference to Quiles-Lopez's arrests that did not lead to convictions: After listing Quiles-Lopez's convictions, the judge stated that "[i]n addition, Mr. Quiles has been arrested for robbery and kidnapping, attempted murder, Weapons Law violations, domestic violence, and controlled substances violations, but they were either dismissed or no probable cause was found for those cases."

Finally, Quiles-Lopez asserts the district court drew an unsupported inference that cellphones found in his cell were used for illegal purposes, and that this inference led to a higher sentence.

- 3 -

While Quiles-Lopez was in prison awaiting sentencing, Drug Enforcement Agency officers searched his cell and found four cellphones, 15 pills of clonazepam, approximately 67 pills of Suboxone, and 6.91 grams of synthetic marijuana.

At the sentencing hearing Quiles-Lopez denied ownership of the drugs and any illegal use of the cellphones.  The judge said: "Focusing on the cell phones, the Court believes that having cell phones in prison is a more serious contraband than even possessing drugs.  Cell phones can and have been used by prison inmates to continue their alleged operations, including ordering that persons be disciplined and even murdered."

Quiles-Lopez argues that this statement shows the judge inferred Quiles-Lopez used the phones for illegal purposes, but the judge's statement instead shows the judge was concerned about potential illegal uses of a cellphone.  The judge made no inference about actual illegal use of the cellphones.

Quiles-Lopez's second appeal concerns his sentence for a violation of supervised release terms that were imposed for an earlier conviction for conspiracy to attempt to possess with intent to distribute cocaine.  The violation of the supervised release terms was the attempted drug distribution, the sentence for which has already been described.  For the supervised release violation

the district court sentenced Quiles-Lopez to eighteen months, to be served consecutively to the earlier imposed 168-month term.

Quiles-Lopez argues that the District Court's sentencing rationale was flawed, as it took into consideration the seriousness of his new criminal conduct that also constituted the violation of his terms of supervised release notwithstanding that he was already sentenced to 168 months for the attempted drug distribution and that the violation itself is a "breach of trust" offense. But there is nothing unusual about the eighteen-month sentence: A single illegal act may violate two statutes and be cumulatively punished. Missouri v. Hunter, 459 U.S. 359, 368-69 (1983). As for the new sentence, it was not substantively unreasonable as it was in the middle of the Sentencing Guideline range (fifteen to twenty-one months) and was imposed consecutively (as directed by the Sentencing Guidelines, U.S.S.G. § 7B1.3(f)). See United States v. Cortes-Medina, 819 F.3d 566, 572-73 (1st Cir. 2016) (stating that within-range sentences are presumptively reasonable). When a new crime is also a violation of supervised release terms, the fact that the offender has already been sentenced for the new crime does not preclude an additional sentence for violating the supervised release terms. E.g., United States v. Tanco-Pizarro, 892 F.3d 472, 481 (1st Cir. 2018). Nor is there anything improper in the District Court basing the

supervised release sentence in part on the nature or seriousness of the new crime that constitutes the violation of the terms of supervised release.  See id.; see also United States v. Soto-Soto, 855 F.3d 445, 451 (1st Cir. 2017) (observing, in a supervised release-revocation case, that "the seriousness of the offense, promoting respect for the law, [and] providing just punishment" were "proper . . . sentencing factors.").

Finally, Quiles-Lopez argues that the district court's description of the reasons for imposing the eighteen-month sentence was not adequate.  The district court identified the main factors for its decision; this is all that is required.  United States v. Vargas-García, 794 F.3d 162, 166 (1st Cir. 2015).

Affirmed.